UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

In re

    Santiago Quezada, Sr.

                Debtor

Chapter 11 – Subchapter V
Case No. 24-22431-SHL

-------------------------------------------------------X

## CASE MANAGEMENT ORDER REGARDING PROCEDURES IN CHAPTER 11 SUBCHAPTER V CASE, SCHEDULING CASE CONFERENCE, AND SETTING DEADLINES FOR FILING PLAN

Santiago Quezada, Sr.. commenced this case (the "Chapter 11 Case") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on May 1, 2024 (the "Petition Date") and stated in the petition that the Debtor is a small business Debtor pursuant to Fed. R. Bankr. P. 1020(a) and elected to proceed as a small business Debtor under Subchapter V of chapter 11 of the Bankruptcy Code. Accordingly, it is hereby

**ORDERED:**

1. First Day Filings: Upon the filing of the Chapter 11 Case, the Debtor shall file all required pleadings and motions necessary for the administration of the Chapter 11 Case. Without excusing compliance with the Bankruptcy Code, some of the pleadings and motions the Debtor may be required to file in this Chapter 11 Case include, but are not limited to:

   a. Debtor's Affidavit Pursuant to Local Rule 1007-2: The Debtor is required to file an affidavit together with its voluntary petition, on the Petition Date, setting forth the information and disclosures set forth in S.D.N.Y. Local Bankruptcy Rule 1007-2.

   b. Motion to Use Cash Collateral: The Debtor is required to conduct a lien search to determine all secured claims against its assets. If a creditor has a lien on the Debtor's cash or cash equivalents, referred to as "cash collateral" under § 363(a) of the Bankruptcy Code, the Debtor must file a motion for authorization to use its cash, with a hearing to be held on the motion, prior to the Debtor's use of cash collateral. The motion must comply with Bankruptcy Code §§ 363(c)(2) and (3), Fed. R. Bankr. P. 4001(b), and S.D.N.Y. Local Bankruptcy Rule 4001-2.

   c. Motion to Pay Employee Wages: If the Debtor has any employees who are owed wages, salaries, commissions, benefits, or other claims consistent with § 507(a)(4) of the Bankruptcy Code (the "Pre-Petition Wages") which relate to a period prior to the Petition Date, but which are due and payable post-Petition Date, the Debtor must file a motion for authorization to pay its employees the Pre-Petition Wages, with a hearing to be held on the motion, prior to the Debtor's payment of the Pre-Petition Wages. The motion must comply with Bankruptcy Code §§ 363(c)(2) and (3), Fed. R. Bankr. P. 4001(b), and

S.D.N.Y. Local Bankruptcy Rule 4001-2.

d. Attorney and Other Professional Retention Applications: The Debtor must file an application authorizing the retention of the attorney and/or other professional(s) that will be representing and/or providing services to the Debtor in this Chapter 11 Case. A copy of the application shall be provided to the United States Trustee for review and approval. Should the United States Trustee have no objection to the application, a proposed order bearing "No Objection" signed by or on behalf of the United States Trustee may be submitted to chambers for consideration and approval. Otherwise, the Debtor shall contact chambers to schedule a hearing date on the application, which shall then be noticed to all parties requiring service under Fed. R. Bankr. P. 9013. The application must comply with Bankruptcy Code §§ 327, Fed. R. Bankr. P. 2014, and S.D.N.Y. Local Bankruptcy Rule 2014-1.

e. Motion Extending Time to File Schedules: If the Debtor is unable to file its schedules, statements, and other documents required under § 521 of the Bankruptcy Code and Fed. R. Bankr. P. 1007 (the "Schedules") within 14 days of the Petition Date, then the Debtor shall file a motion seeking an extension of time to file its Schedules setting forth the basis why the Debtor is unable to timely file its Schedules. The Debtor is urged to file its Schedules prior to the § 341(a) meeting of creditors and the Case Conference scheduled herein.

f. Motion for Joint Administration: If two or more petitions are pending in this Court by, regarding or against the Debtor and (i) their spouse, or (ii) a partnership and/or one or more of its general partners, or (iii) one or more of its affiliates, the Debtor may file a motion seeking joint administration of this Chapter 11 Case with the related bankruptcy proceeding pursuant to Fed. R. Bankr. P. 1015(b).

g. Application Setting a Bar Date: The Debtor shall file an application for entry of an order setting a deadline for filing claims (the "Bar Date") no later than 30 days after the later of (i) the filing of the Debtor's Schedules, or (ii) the Case Conference scheduled herein. The Debtor is urged to file its application setting a Bar Date prior to the Case Conference scheduled herein. The application must comply with S.D.N.Y. Procedural Guidelines: https://www.nysb.uscourts.gov/sites/default/files/ProcGuidelinesforFilingReqforOrdersSetLastDateforFilingProofsofClaim.pdf

2. Communication with Subchapter V Trustee. Debtor's counsel or, if the Debtor is self−represented, the Debtor, shall contact the Subchapter V Trustee within 5 days of the date of this order to discuss the Subchapter V Trustee's facilitation of the development of a consensual plan of reorganization. The Debtor is expected to communicate regularly and share information with the Subchapter V Trustee as is appropriate under the facts of the case.

3. Case Status Conference: An initial case status conference (the "Case Conference") shall be conducted by the Honorable Shawn H. Lane, United States Bankruptcy Judge, Southern District of New York on June 25, 2024 at 10:00 a.m., or as soon thereafter as counsel may be heard. All appearances will be held via Zoom.gov. Registration is required by 4PM the day prior to the hearing date.

4. <u>Status Report</u>: Pursuant to 11 U.S.C. § 1188(c), not later than 14 days before the Case Conference, the Debtor shall file with the Court and serve on the Subchapter V Trustee[1] and all parties in interest a report that details the efforts the Debtor has undertaken and will undertake to attain a consensual plan of reorganization. The Debtor's report shall include the following information:

    a. Whether and to what extent the Debtor has communicated with the Subchapter V Trustee;

    b. Whether and to what extent the Debtor has communicated with creditors; and

    c. Whether the Debtor is aware of or anticipates any objections or impediments to consensual confirmation and describing the issues.

5. <u>Monthly Operating Reports</u>: The Debtor is required to timely file monthly operating reports, with the first report covering the period from the Petition Date to the last day of that month. The monthly operating reports must be filed by the 20th day of the month following the report period. The monthly operating reports must be prepared using the forms designated by the United States Trustee: https://www.justice.gov/ust/chapter-11-operating-reports.

6. <u>Debtor in Possession Bank Accounts</u>: All pre-petition bank accounts controlled by the Debtor must be closed immediately upon the filing of the petition, and consistent with § 345 of the Bankruptcy Code, the Debtor shall immediately open new debtor-in-possession operating, payroll, and tax accounts at a United States Trustee Authorized Depository. A list of approved depositories is available here: https://www.justice.gov/ust-regions-r02/region-2-chapter-11-3

7. <u>Insurance</u>: The Debtor shall maintain insurance customary and appropriate to the Debtor's industry. Proof of insurance must be provided to United States Trustee, which shall disclose, at a minimum, the effective date and the termination date of coverage; the type and limits of coverage provided, and the identity of all loss payees. The Debtor should instruct its insurance companies to list the United States Trustee as a Certificate Holder. Upon expiration or other termination of any coverage, the Debtor shall immediately provide the United States Trustee with adequate proof of replacement coverage.

8. <u>Tax Returns</u>: The Debtor must timely file with the relevant taxing authorities all tax returns and reports, which must be accompanied by payment in full of any liability. A copy of each return and verification of payment of taxes due must be served on the United States Trustee with the monthly operating report.

9. <u>Plan Filing Deadline</u>: The Debtor is required to file its plan on or before April 16, 2024 (the "<u>Plan Deadline</u>"), unless the court extends the Plan Deadline. The Debtor's failure to file its plan prior to the Plan Deadline may result in this Chapter 11 Case being dismissed, converted to a case under chapter 7 of the Bankruptcy Code, or denial of confirmation of a plan that it untimely filed. The Debtor shall not solicit voting on any plan it files until this Court enters an order pursuant to Fed. R. Bankr. P. 3017.2 establishing solicitation procedures, deadlines, and a confirmation hearing.

---

[1] A hard copy of all papers filed with the Court, including those filed electronically, other than proofs of claim, must be served on the United States Trustee consistent with S.D.N.Y. Local Bankr. R. 9070-1.

10. <u>Plan Fund Escrow Account.</u> Within 30 days of the Petition Date and continuing monthly thereafter, the Debtor shall deposit into either an attorney escrow account maintained by its attorney or a separate debtor-in-possession account, the amount of $1,000, subject to adjustment by this Court, for the purpose of paying accruing administrative expenses and funding a plan of reorganization (the "<u>Plan Fund</u>"). The monthly amount to be contributed to the Plan Fund is subject to adjustment by the Court upon the request of any interested party. The Debtor shall include the monthly contribution to the Plan Fund in any proposed Cash Collateral budget. No distributions may be made from the Plan Fund without prior order from this Court.

11. <u>Subchapter V Trustee Fees and Expenses.</u> The Subchapter V Trustee shall keep time and expense entries contemporaneously with the services rendered in this Chapter 11 Case, with the recording of the records in compliance with the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses including (i) recording the time entries in time periods of tenth of an hour, (ii) services provided noted in detail and not combined or "lumped" together, and (iii) each service showing a separate time entry. The Subchapter V Trustee shall provide to the Debtor and its counsel, and the United States Trustee not later than 21 days after the end of each month with a statement of fees and disbursements accrued during such month. The statement must contain the Subchapter V Trustee's billing rate, the aggregate hours spent by the Subchapter V Trustee, a general description of services rendered, and a reasonably detailed breakdown of the disbursements incurred to such month.

12. <u>Mediation.</u> If the Debtor, the Subchapter V Trustee, or a creditor believes that mediation will facilitate a consensual plan of reorganization, such request may be made (i) orally during a hearing before this Court, or (ii) by letter to the Court and filed on the case docket setting forth the reasons the party believes mediation is appropriate, for entry of an order directing any party in interest, *e.g.*, a landlord or a secured creditor, to mediation. The Subchapter V Trustee may act as the mediator, unless the Parties otherwise agree to a different mediator.

13. <u>Failure to Comply</u>: The failure to timely comply with this Order may result in the imposition of sanctions against the Debtor or Debtor's counsel, including, but not limited to, conversion or dismissal of the case, removal of the Debtor as debtor−in−possession, and/or monetary sanctions.

14. The Clerk's office is directed to serve a copy of this order on the Debtor, its counsel, the Subchapter V Trustee, the United States Trustee, and all other interested parties.

Dated: White Plains, New York
       May 24, 2024

                                        */s/ Sean H. Lane*
                                        HONORABLE SEAN H. LANE
                                        UNITED STATES BANKRUPTCY JUDGE