Ortiz & Ortiz, LLP
287 Park Ave. South, Ste. 337
New York, New York 10010
Tel. No. 718.522.1117
*Counsel to the Debtor and*
*Debtor-in-Possession*

Hearing Date: Jan. 22, 2025
Hearing Time: 10:00 a.m.

Response Deadline: Jan. 15, 2025

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
                                            :
In re                                     :
                                            : Case No. 24-22431-shl
SANTIAGO QUEZADA Sr.,      :
                                            : Sub-Chapter V Chapter 11
                                            :
               Debtor.        :
                                            :
Soc. Sec. 7173                            :
-----------------------------------------------------------x

# **NOTICE OF OBJECTION TO CLAIM**

      Santiago Quezada Sr. has filed an objection to your claim in this bankruptcy case.

      **Your claim may be reduced, modified, or eliminated. You should read these papers carefully and discuss them with your attorney, if you have one.**

      If you do not want the court to eliminate or change your claim, then on or before **January 15, 2025** (the "Response Deadline"), you or your lawyer must file with the court a written response to the objection, explaining your position to the U.S. Bankruptcy Court, 300 Quarropas Street, White Plains, New York 10601 or file the Response electronically through the court's Electronic Case Filing System.

      If you mail your response to the court for filing, you must mail it early enough so that the court will **receive** it on or before the Response Deadline.

      You must also send a copy to the undersigned at the address listed below if the Response is not electronically filed so that it is received by the Response Deadline.

      You must attend the hearing on the objection, scheduled to be held January 22, 2025, at 10:00 a.m. You may appear at the hearing in person, at U.S. Bankruptcy Court, 300 Quarropas Street, White Plains, New York 10601 at Judge Lane's courtroom, or you may appear remotely pursuant to Judge Lane's Chambers rules that provide the following:

Remote Access to Non-Evidentiary Hearings

Attorneys who represent parties in non-evidentiary hearings, conferences, and other routine matters may participate in such matters by remote video access through Zoomgov, unless the Court directs otherwise.

Any creditor or other party in interest (as that term is used in the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure) may also obtain remote video access to such matters through Zoomgov, but members of the public (including the media) may only obtain remote audio access through Zoomgov.

All persons using Zoomgov must register their appearances using the eCourt Appearance tool on the Court's website: https://www.nysb.uscourts.gov/ecourt-appearances. Applicable Zoomgov hearing procedures are available here.  Participation in Zoomgov hearings is free of charge for all parties.

If you or your attorney do not take these steps, the court may decide that you do not oppose the objection to your claim.

**Judge Lane's Chambers Rules that govern remote appearances can be found at https://www.nysb.uscourts.gov/content/judge-lanes-chambers-rules**.

**If you or your attorney do not take these steps, the court may decide that you do not oppose the objection to your claim.**

Dated: New York, New York
December 20, 2024

/s/Norma E. Ortiz

Ortiz & Ortiz, LLP
287 Park Avenue South, Ste. 337
New York, New York 10010
Norma E. Ortiz
Tel. No. 718.522.1117
email@ortizandortiz.com
*Counsel to the Debtor and Debtor-in-Possession*

Ortiz & Ortiz, LLP
287 Park Ave. South
New York, New York 10010
Tel. No. 718.522.1117
*Counsel to the Debtor and*
*Debtor-in-Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
                                                 :
In re                                             :
                                                 :
SANTIAGO QUEZADA Sr.,        :
                                                 :     Case No. 24-22431-shl
                                               :
                                             :     Sub-Chapter V Chapter 11
                                             :
                       Debtor.    :
-------------------------------------------------------x

### **DEBTOR'S OBJECTION TO CLAIM NO. 6 FILED BY MARIA JOSE PIZARRO**

TO THE HONORABLE SEAN H. LANE,
UNITED STATES BANKRUPTCY JUDGE:

      Santiago Quezada Sr. (the "Debtor"), hereby files this objection (the "Objection") to Claim No. 6 filed by Maria Jose Pizarro ("Pizarro") and seeks the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to Section 502 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), disallowing and expunging from the claims register Claim No. 6 filed on behalf of Pizarro (the "Pizarro Claim") in its entirety. In support thereof, the Debtor asserts as follows:

### **BACKGROUND**

      1.     The Debtor filed a voluntary Chapter 11 petition on May 14, 2024 (the "Petition Date") and has remained in possession pursuant to 11 U.S.C. § 1107. Mr. Eric Huebscher was appointed as the Subchapter V Trustee on May 17, 2024.

2.     Pizarro obtained the entry of a judgment against the Debtor on or after October 25, 2023, in an action pending before the Southern District of New York entitled Maria Jose Pizarro v. Euros El Tina Restaurant Lounge and Billiards Corp. (the "Lounge") and Santiago Quezada, filed under Case No. 20-cv-5783 (AKH) (the "Civil Action").

3.     The Debtor has appealed the amount of damages awarded in the Civil Action.

4.     The Lounge is not operating and has no assets of value.

**Facts Specific to the Relief Requested**

5.     On May 28, 2024, the Debtor filed Schedules E/F that listed Pizarro's claim as disputed. See Ecf. No. 11.

6.     Pizarro represented herself after the Petition Date and did not file a Notice of Appearance with the court until December 2024.

7.     Pizarro chose not to retain bankruptcy counsel in this case and appear *pro se* until December 10, 2024: over seven months after the Petition Date. On December 10, 2024, Brustein Law LLC, with offices located at 299 Broadway, Ste. 17th Floor, New York, NY 10007, filed a Notice of Appearance on behalf of Pizarro ("Brustein Law"). [Ecf. No. 30]

8.     Brustein Law represented the Debtor in the Civil Action. Mark A. Marino PC ("Marino Law") is also listed in the Civil Action as counsel to Pizarro.

9.     The Debtor's Schedule E/F listed Pizarro's address as "care of" Brustein Law.

10.    Marino Law is also listed in the Debtor's Schedule E/F and is listed on the Debtor's creditor matrix.

11.    Pizarro attempted to communicate with the Court's Chambers by email before the first status conference scheduled for June 25, 2024.

12. At the first Case Status Conference conducted on June 25, 2024, the Court requested that the undersigned inform Pizarro that she could not engage in *ex parte* communications with the Court's Chambers. Pizarro was informed of that fact by email from the undersigned.

13. The undersigned requested a mailing address for Pizarro but she refused to provide one. As a result, the Debtor's mailing matrix continues to list Brustein Law as the Debtor's mailing address. Marino Law also receives any documents served by mail from the Debtor.

14. On August 8, 2024, the Court entered an order [ECF Doc. No. 16] (the "Bar Date Order") establishing certain dates and deadlines for filing proofs of claims in this Chapter 11 Case. Specifically, the Court established, among other things, September 13, 2024, as the bar date for non-governmental creditors.

15. As set for the in the Certificate of Service filed with the court on August 12, 2024, the Bar Date Order and supporting documents were mailed to Brustein Law and Marino Law. [Ecf. No. 20] on August 9, 2024.

16. The undersigned communicated with Pizarro by email and reminded her that the Bar Date of September 13, 2024, was approaching. In response to that email, Pizarro emailed a copy of a proof of claim to the undersigned. The undersigned informed her that the proof of claim had to be filed with the court, and not simply sent to the undersigned or emailed to Judge Lane. The undersigned informed Pizarro that if she had any questions regarding timely filing the proof of claim with the court, she should contact the Clerk of the Court.

17. The court's claims register does not reflect a timely filed claim by Pizarro.

18. The undersigned contacted the Clerk of the Court to ascertain whether a proof of claim had been physically delivered to the court by Pizarro and was told that the court had not

received a proof of claim from Pizarro.

19. Thereafter, the undersigned emailed Pizarro and asked if she had a receipt of a copy of the proof of claim she filed with the court because the court did not have the claim. The undersigned did not receive a response to this inquiry.

20. The Debtor was forced to file a plan of reorganization on November 12, 2024 [Ecf. No. 27] that could not accurately reflect the dividend to be provided to creditors because of the absence of the Pizarro Claim.

21. Because of the significant amount of the claim asserted by Pizarro, the Pizarro Claim would substantially impact the recovery to other creditors in this case.

22. On December 3, 2024, a court-ordered mediation was conducted in the Civil Action.

23. On December 3, 2024, upon information and belief, counsel for the Debtor in the Civil Action informed the mediator and the parties that appeared at the mediation that Pizarro had not filed a proof of claim before the Bar Date.

24. On December 9, 2024, Brustein Law filed a proof of claim registered as Claim 6 that was dated December 6, 2024.

25. Neither the claim emailed to the undersigned by Pizarro nor the Pizarro Claim were supported by any documents.

## **JURISDICTION**

26. The Court has jurisdiction to consider this Objection pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory predicates for the relief requested herein are section 502 of the Bankruptcy Code and Bankruptcy Rule 3007.

## RELIEF REQUESTED

27.     By this Objection, the Debtor seeks entry of the Proposed Order disallowing and expunging from the claims register the Pizarro Claim.  The Pizarro Claim is untimely and not adequately supported by documentation.

## BASIS FOR RELIEF

A.     *The Pizarro Claim is Untimely*

28.     Section 502 of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of [the Bankruptcy Code], is deemed allowed, unless a party in interest. . . objects." 11 U.S.C. § 502.  The Debtor objects to the Pizarro Claim because she clearly failed to timely file the claim pursuant to the terms of the Bar Date Order.  Rule 9006 governs the admission of proofs of claim filed after a court-ordered bar date.  Rule 9006(b)(1) "empowers a bankruptcy court to permit a late filing if the movant's failure to comply with an earlier deadline 'was the result of excusable neglect' "). See <u>In re Enron Corp.</u>, 419 F.3d 115, 121 (2d Cir. 2005) (quoting "The burden of proving excusable neglect lies with the late-claimant." *Jones v. Chemetron Corp.,* 212 F.3d 199, 205 (3d Cir.2000)). However, Rule 9006(b)(2) requires the claimant to file a motion requesting permission to file a late claim when the claim was filed untimely as a result of excusable neglect.  Pizarro has not filed such a motion.

29.     It is undisputed that Pizarro, Brustein Law, and Marino Law had actual notice of the Bar Date Order and the filing of the Debtor's bankruptcy petition.  Pizarro, Brustein Law, and Marino Law have direct knowledge that Pizarro's claim against the Debtor is highly disputed and the Debtor's schedule of creditors reflects that fact. The undersigned has continuously communicated by email with the Debtor and attempted to ensure that she comply with the Bar Date Order.

30.     In addition, Pizarro waited months after the entry of the Bar Date Order to

retain Brustein Law to file a claim on her behalf. The undersigned undertook the responsibility of communicating with the court's clerks – on more than one occasion -- to ensure that Pizarro had not, in fact, hand-delivered a proof of claim to the court before the expiration of the Bar Date.

31. It is respectfully submitted that Pizarro and her counsel had many months to ensure compliance with the Bar Date Order or file a motion to permit Pizarro to file a late claim. Unlike many other cases, the undersigned attempted to assist Pizarro to ensure that she met the deadline set forth in the Bar Date Order despite the fact that her counsel was notified of the Bar Date Order. Accordingly, pursuant to the terms of the Bar Date Order, the Court should find that Pizarro is barred from filing a claim against the Debtor as untimely and the Debtor is discharged from any and all liabilities to such claimant.

B. *The Pizarro Claim is Unsupported by Any Documentation*

32. The Pizarro Claim is not supported by any documentation supporting the veracity of her claim. Bankruptcy Rule 3001 requires a claimant to support his or her claim with documents supporting the claim. "Where a claimant fails to allege the facts and annex the documents necessary to support its claim, and thereby runs afoul of Rule 3001, the claim is not entitled to the presumption of prima facie validity." See, e.g., In re AMR Corp., No. 11-15463, 2021 WL 5570293, at *2 (Bankr. S.D.N.Y. Nov. 29, 2021) ("When a claimant fails to comply with the Rule 3001 documentation requirements when submitting a proof of claim, the claimant is not entitled to prima facie validity of the claim."); In re Lundberg, No. 02-34542, 2008 WL 4829846, at *2 (Bankr. D. Conn. Oct. 27, 2008) ("If, however, the claimant fails to allege facts in the proof of claim that are sufficient to support the claim, e.g., by failing to attach sufficient

documentation to comply with Fed. R. Bankr. P. 3001(c), the claim is ... deprived of any prima facie validity which it could otherwise have obtained.").

33. Neither the claim emailed to the undersigned or the claim filed by Brustein Law contained any documents supporting the veracity and accuracy of Pizzarro's claim. As a result, the Court should find that the Pizarro Claim should be expunged for failing to provide adequate documentary support of the Pizarro Claim.

## **NOTICE**

34. Notice of this Objection has been provided upon: (a) the U.S. Trustee; (b) the Sub-chapter v trustee; (c) Pizarro, and (d) counsel to Pizarro. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be provided.

## **RESERVATION OF RIGHTS**

35. This Objection is limited to the grounds stated herein. Accordingly, it is without prejudice to the rights of the Debtor to object to any claim on any grounds whatsoever. The Debtor expressly reserves all further substantive or procedural objections. Nothing contained herein is intended or should be construed as: (a) an admission as to the validity of any claim against the Debtor; (b) a waiver of the Debtor's rights to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) or a waiver of the Debtor's rights under the Bankruptcy Code or any other applicable law.

36. No previous motion for the relief requested herein has been made to this Court.

(*continues on next page*)

WHEREFORE, the Debtor respectfully requests the entry of an order substantially in the form of the prefixed order granting the relief requested herein and such other and further relief as is just.

Dated: New York, New York
December 23, 2024

*/s/Norma E. Ortiz*
Ortiz & Ortiz, LLP
287 Park Avenue South, Ste. 337
New York, New York 10010
Tel. No. 718.522.1117
Norma E. Ortiz
*Counsel to the Debtor and*
*Debtor-in-Possession*

**EXHIBIT A**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
                                              :

In re                                            :

SANTIAGO QUEZADA Sr.,                  :
                                           :      Case No. 24-22431-shl
                                           :
                                           :      Sub-Chapter V Chapter 11
                                           :
                    Debtor.    :
------------------------------------------------------x

## ORDER SUSTAINING DEBTOR'S OBJECTION TO CLAIM NO. 6

Upon the claim objection (the "Objection") of Santiago Quezada Sr. as debtor and debtor-in-possession (the "Debtor"), for entry of an order (this "Order"), pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007, disallowing and expunging from the claims register Claim No. 6 (the "Pizarro Claim"); and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and that the response deadline to the Objection expired on January 15, 2024; and objections (if any) to the Objection having been withdrawn, resolved or overruled; and this Court finding that proper and adequate notice of the Objection and the relief requested therein has been provided; and this Court having found and determined that the relief sought in the Objection is in the best interests of the Debtor, his estate, his creditors and all other parties-in-interest; and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

       IT IS HEREBY ORDERED THAT:

1.     The Objection is GRANTED as set forth herein.

2.     The Pizarro Claim is disallowed and expunged from the claims register in its entirety.

3.     The clerk of the court and the Debtor are directed to reflect the disallowance of

the Pizarro Claim in their respective records.

4. The Debtor has provided a notice to the Pizarro Claim claimant that complies with the notice and service procedures set forth in the Bankruptcy Rules.

5. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any claim against the Debtor; (b) a waiver of the Debtor's rights to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Objection or any order granting the relief requested by this Objection; (e) an approval or assumption of any agreement, contract or lease under section 365 of the Bankruptcy Code; or (f) a waiver of the Debtor's rights under the Bankruptcy Code or any other applicable law.

6. The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

7. The requirements set forth in Bankruptcy Rule 9014 are satisfied.

8. This Court shall retain exclusive jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Objection or the implementation of this Order.

Dated: White Plains, New York
       January \_\_\_\_\_, 2025

                                          SEAN H. LANE
                                          U.S BANKRUPTCY JUDGE

**EXHIBIT B**

Declaration of Norma E. Ortiz

ORTIZ & ORTIZ, L.L.P.
287 Park Avenue South, Suite 337
New York, New York 10010
Tel. (718) 522-1117
Fax (718) 596-1302
email@ortizandortiz.com
Norma E. Ortiz, Esq.
*Proposed Counsel to the Debtor and*
*Debtor in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
                                                         :
In re                                                :
                                                        :
SANTIAGO QUEZADA, SR.,          :          Case No. 24-22242-shl
                                                        :
                                                        :          Sub-Chapter V Chapter 11
              Debtor and Debtor in Possession    :
-----------------------------------------------------------x

# DECLARATION OF NORMA E. ORTIZ, ESQ., IN SUPPORT OF THE DEBTOR'S OBJECTION TO CLAIM NO. 6

I, Norma E. Ortiz, under the penalty of perjury, states as follows:

1.    I am an attorney at law admitted to practice before this Court and a member of the firm Ortiz & Ortiz, L.L.P ("O & O").

2.    I am the partner primarily responsible for the Debtor's case. I am responsible for assisting the Debtor with certain claims management and reconciliation matters. I am also familiar with the Debtor's estate, financing arrangements, business affairs, and books and records that reflect, among other things, the Debtor's liabilities and the amount thereof owed to its creditors as of the Petition Date.

3.    I prepared the annexed Objection and the facts stated therein were based upon my personal knowledge.

I declare under the penalty of perjury that the foregoing is accurate and correct.

Dated: December 23, 2024
New York, New York

*/s/Norma Ortiz*
Norma E. Ortiz