Jeffrey Chubak
Amini LLC
131 West 35th Street
12th Floor
New York, NY 10001
(212) 490-4700
jchubak@aminillc.com

Evan Brustein
Brustein Law PLLC
299 Broadway
17th Floor
New York, NY 10007
(212) 233-3900
evan@brusteinlaw.com
Attorneys for Judgment Creditor Maria Jose Pizarro

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| In re | Case 24-22431-SHL |
|---|---|
| SANTIAGO QUEZADA, SR. | Chapter 11, Subchapter V |
| Debtor | Re: ECF #31 |

### JUDGMENT CREDITOR MARIA JOSE PIZARRO'S (A) RESPONSE TO DEBTOR'S OBJECTION TO CLAIM #6 AND (B) CROSS-MOTION FOR LEAVE TO FILE SAID CLAIM AFTER CLAIMS BAR DATE AND TO ALLOW SAID CLAIM

Creditor Maria Jose Pizarro ("Maria") (a) responds to the objection (ECF #31, "Objection") of debtor Santiago Quezada Sr. ("Debtor") to her proof of claim (Claim #6, Exhibit 1), and (b) cross-moves for leave to file Claim #6 after the claims bar date (September 13, 2024) and to allow Claim #6 in full.

### BACKGROUND

1. Maria is a judgment creditor of the Debtor. She prevailed following a four-day jury trial on Title VII and state/city law claims based on the Debtor's "decades-long and worsening pattern of physical and verbal harassment by Quezada, of groping and pinching, of exposure of private parts and masturbation in front of her, and an attempted rape." (S.D.N.Y. Case 20-cv-

5783-AKH ("District Ct.") ECF #195, at *6, reported at 2024 WL 837572.) The jury awarded (a) compensatory damages of $1 million against the Debtor and $725,000 against his affiliate Euros El Tina Restaurant Lounge and Billiards Corp. (the "Euros El Tina") and (b) punitive damages of $625,000 against the Debtor and $375,000 against Euros El Tina. (Id. at *1. See also District Ct. ECF #194 (judgment).) As the tortfeasor who is more than 50% culpable, the Debtor is jointly and severally liable for the judgment against Euros El Tina. (*See* ¶28, *infra*.) Maria was also awarded $247,108.13 in attorneys' fees. (District Ct. ECF #195, at *7.) Thus, as of the petition date (May 14, 2024) the Debtor was indebted to Maria in the amount of $2,972,108.13, plus post-judgment interest that accrued on that amount since February 2024.

2. This case was ostensibly filed because Maria froze one of the Debtor's bank accounts. (ECF #2 ¶2 & Exhibit A, Personal Property.)

3. In his LBR 1007-2 declaration, the Debtor suggested (id. ¶2) he intended to use the bankruptcy stay to appeal the judgment.

4. Consistent with that position, the Debtor marked the judgment "disputed" in his schedules. (ECF #11 ("Schedules") Schedule E/F, Item 4.3.)

5. However, before the bankruptcy case was actually filed, the Debtor moved to withdraw the appeal, which motion was granted. (2d Cir. Case 24-568 ECF #30.1, #34.1.) As a result, Maria's judgment is now final and there was no good faith basis for making her claim disputed.[1]

---

[1] The above-linked motion to withdraw is dated May 15, 2024 (one day after petition date); however, the original motion to withdraw was made by letter dated May 10, 2024. That letter is no longer available on the Second Circuit docket sheet; only the notice of defective filing (2d Cir. Case 24-568 ECF #27.1) referencing the same is available. The stated reason for withdrawal of the appeal is that on March 21, 2024, the District Court "reopen[ed] the case to allow" defendants' counter- and third-party claims (for money laundering, wire fraud, illicit monetary transactions, interstate transportation of stolen property and civil RICO) to proceed, and "by re-opening the

6. The Schedules listed Maria's address as only c/o her counsel of record in the District Court action, Evan Brustein of Brustein Law PLLC. No additional notice address was listed, other than Mark A. Marino PC, co-counsel for Maria in the underlying litigation.

7. This was also wrongful as her address was known to, and at a minimum reasonably ascertainable by, the Debtor. Indeed, in support of his summary judgment motion in the underlying action, the Debtor filed bank statements showing her address (District Ct. ECF #229-4 PDF p.4), the same one listed in the proof of claim form (included in Maria Decl. Exhibit 3) she sent to Debtor's counsel (discussed below). Maria's address was also presumably ascertainable from the books and records of Euros El Tina as she was its general manager, and the business was owned by the Debtor. (Maria Decl. ¶2; District Ct. ECF #46 Counterclaims and Cross Claims ¶¶46-48 (on p.20).)

8. As a result, the bar date order and accompanying notice (ECF #16) were sent only to Mr. Brustein (who was not representing her in this case at the time) and Mr. Marino (who has never represented her in this case), not her (ECF #17); and Maria therefore did not receive "notice by mail" of the time to file proofs of claim as required by FRBP 2002(a)(7).

---

case, the District Court turned a final judgment into a partial judgment" rendering the appeal interlocutory. (2d Cir. Case 24-568 ECF #30.1 ¶4.e-¶6.) That is wrong. Putting aside that the referenced order (District Ct. ECF #200) in practical terms stated the counter- and third-party claims were meritless, and that the District Court disposed of the same on summary judgment and awarded FRCP 11 sanctions for prosecuting same (District Ct. ECF #234), each of the jury verdict (District Ct. ECF #196), the judgment (District Ct. ECF #194 ) and the order denying defendants' post-trial FRCP 50(b) and 59(a) motions (District Ct. ECF #195) preceded the referenced order relied upon by the Debtor (District Ct. ECF #200), and the judgment was never vacated. *In re Pan Am Corp.*, 166 B.R. 538 (S.D.N.Y. 1993) ("The judgment was final when the jury returned its verdict. *See* Fed. R. Civ. P. 58[1]"). Further, the counter- and third-party claims do not present issues that would permit revision of Maria's claims, under FRCP 54(b). The allegations therein (District Ct. ECF #46) have no conceivable bearing on the jury verdict and judgment. Accordingly, Maria's judgment is final.

9. It was not until the afternoon of September 11, 2024—two days before the bar date—that Debtor's counsel emailed Maria a copy of the bar date order and accompanying notice. (Maria Decl. ¶5 & Exhibit 2.) That is of course insufficient as Maria never gave consent, written or otherwise, to service by email, under FRCP 5(B)(F) and/or FRBP 9036(b)(2). (Maria Decl. ¶6.)

10. On September 12, 2024, the day before the bar date, Maria, pro se, emailed Debtor's counsel a completed proof of claim form signed by her. (Maria Decl. ¶7 & Exhibit 3.)

11. A week later she also uploaded the same claim using this Court's pro se upload tool.[2] (Maria Decl. ¶¶8-9 & Exhibit 4.)

12. On December 9, 2024, Mr. Brustein appeared on her behalf (ECF #30) and filed Claim #6 on her behalf by ECF. Claim #6, like that previously emailed to Debtor's counsel, lists the "basis of the claim" (Item 8) as "Judgment lien from lawsuit."

## **ARGUMENT**

13. The Debtor does not dispute the amount of Claim #6. The sole bases for the Objection are that the claim was filed after the bar date and does not attach documents. Neither argument supports disallowance. To the contrary, leave should be granted to permit the filing of Claim #6 after the claims bar date and the claim should be allowed in full.

14. Claim #6 should not be disallowed on the ground that it was not timely filed, because adequate notice of the bar date was not given.

15. As noted above, Maria was a known creditor, whose address was known to, and at a minimum reasonably ascertainable by, the Debtor. As noted above, the Debtor had her bank statements showing her address (District Ct. ECF #229-4 PDF p.4), the same one listed in the proof

---

[2] She died not know about this Court's electronic proof of claim application. (Maria Decl. ¶¶8-9.)

of claim form (Maria Decl. Exhibit 2) she sent to Debtor's counsel; and her address was presumably ascertainable from Euros El Tina's books and records as she was its general manager. (Maria Decl. ¶¶2-3.)

16. "[A]s a known creditor, [Maria] was entitled to specific notice" of the bar date, pursuant to FRBP 2002(a)(7). *In re J.A. Jones, Inc.*, 492 F.3d 242, 252 (4th Cir. 2007) (rejecting argument that a "known creditor" is not entitled to "actual notice" because their claim is disputed). *Fogel v. Zell*, 221 F.3d 955, 962-63 (7th Cir. 2000) (Posner, J.) (even where creditors "cannot complain about a denial of due process … they are entitled to the equivalent protections under the notice provisions of the Bankruptcy Code"; and "[i]f his name and address are reasonably ascertainable, he is entitled to have that information sent directly to him"); *In re Exide Technologies*, 600 B.R. 753 (Bankr. D. Del. 2019) ("Whether specific notice satisfies these requirements [due process requirements] depends on whether the creditor is known or unknown. A known creditor is 'one whose identity is either known or reasonably ascertainable by the debtor.' The debtor must provide a known creditor with actual written notice of the bar date").

17. She was not given that. Email notice was not given to her until two days before the bar date; the email notice she was given was improper, because FRBP 2002(a)(7) requires that twenty-one days' "notice by mail" be given, and she never consented to email service; the "notice by mail" given to Messrs. Brustein and Marino was improper, because FRBP 2002(a)(7) requires that such notice be given to the "creditor", not the creditor's counsel in a separate litigation in a different court, and at the time Mr. Brustein was not representing her in this case, and Mr. Marino has never represented her in this case;[3] and the Debtor never obtained leave from this Court or Maria to effectuate service on Mr. Brustein, or on Maria by a method other than mailing.

---

[3] No authority is cited for the proposition that counsel for a creditor in an underlying litigation is the FRBP 2002(a)(7) "creditor". We have found none.

18. Even if the mailing to Messrs. Brustein or Marino or email to Maria were somehow construed as providing adequate notice under FRBP 2002(a)(7), the Objection should still be overruled on the ground that the late filing was the result of excusable neglect under FRBP 9006(b)(1)(B). As noted in *In re SVB Fin. Group*, 660 B.R. 60, 80 (Bankr. S.D.N.Y. 2024):

> In *Pioneer*, [t]he Supreme Court … interpreted 'excusable neglect' to be a flexible standard—one that can include 'inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control.'" *Lehman*, 433 B.R. at 119 (quoting *Pioneer*, 407 U.S. at 395 … ). "However, 'the determination is at bottom an equitable one' that must 'take account of all relevant circumstances surrounding the party's omission.'" *Id.* (quoting *Pioneer*, 507 U.S. at 395 …). The *Pioneer* court established four factors to assist bankruptcy courts in evaluating excusable neglect: (1) the danger of prejudice to the debtor; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Pioneer*, 507 U.S. at 395. [The Second Circuit has instructed] that this Court should focus its analysis 'primarily on the reason for the delay, and specifically whether the delay was in the reasonable control of the movant." *Lehman*, 433 B.R. at 119-20 (quoting *Enron*, 419 F.3d at 122).

The reason for the weight placed on the third factor is that the other factors "usually weigh in favor of the party seeking the extension." *In re Roman Catholic Diocese of Rockville Centre, New York*, 2023 WL 4497418, at *10 (Bankr. S.D.N.Y. July 12, 2023).

19. Moreover, courts have found excusable neglect where "the claimants consciously endeavored to comply with the Bar Date Order but were justifiably confused as to the application of the General Bar Date … due to the circumstances". *CVI GVTF (Lux) Master S.a.r.l. v. Lehman Bros. Holdings Inc.*, 445 B.R. 137, 141 (S.D.N.Y. 2011).

20. Here, the *Pioneer* factors weigh in favor of extending Maria's time to have filed Claim #6 pursuant to FRBP 9006(b)(1)(B).

21. <u>First Factor: Prejudice</u>. The Debtor cannot claim to have been prejudiced because a substantially identical copy of the claim was emailed to Debtor's counsel prior to the bar date,

and the Debtor admitted this case was commenced on account of the judgment. The sole claim of prejudice is that "[t]he Debtor was forced to file a plan of reorganization on November 12, 2024 [ECF #28] that could not accurately reflect the dividend to be provided to creditors because of the absence of the Pizarro Claim." (Objection ¶20.) This is not actual prejudice, however, and nothing prevents the Debtor from filing an amended plan. 11 U.S.C. § 1121(a) ("[t]he debtor may file a plan … at any time").

22. <u>Second: Length of Delay</u>. The bar date was September 13, 2024, and Claim #6 was actually filed on December 9, 2024. The only event that happened in the interim was the filing of the plan. No motion to solicit the same has been made. Prior to the bar date, a copy of the claim had been emailed to Debtor's counsel. (Maria Decl. ¶7 & Exhibit 3.)

23. <u>Third: Reason for Delay</u>. Maria was justifiably confused. The sole notice she received came from Debtor's counsel by email, so it was understandable that she—a pro se creditor at the time, for whom English is not her first language (Maria Decl. ¶1)—could submit the claim by response email. For similar reasons, it was understandable that she would confuse this Court's pro se upload tool with its electronic proof of claim application. Moreover, there was no reason for her to have ever believed she was even required to file a proof of claim under FRBP 3003(b)(1) and 11 U.S.C. § 1111(a) on account of her judgment having been scheduled as disputed. No stay relief application to prosecute an appeal of the judgment was ever filed or served. Indeed, the Debtor moved to terminate its appeal of the judgment before this case was even filed. The onus in this contested matter should be on the Debtor to explain his good faith basis for certifying in his Schedules that the judgment is disputed, when his FRCP 50(b) and 59(a) motion had been defeated (District Ct. ECF #195) and he had long since withdrawn his appeal.

24. <u>Fourth: Good Faith</u>. Maria made multiple attempts to file her proof of claim, before finally succeeding after prevailing on her counsel in the underlying action to appear in this

7

bankruptcy case and file the claim on her behalf, despite that being outside the scope of his initial engagement. (Maria Decl. ¶¶7, 10.)

25. The Debtor's alternative ground for objection—lack of documents attached to the claim—should be overruled. The Debtor acknowledges ([Objection](#) ¶32) FRBP 3001 governs whether documents must be annexed to a proof of claim. FRBP 3001(c) does not require the filing of the judgment as an attachment to the proof of claim.

26. Even if it did, "failure to attach the required documentation does not automatically render the claim invalid." *In re Minbatiwalla*, 424 B.R. 104, 112 (Bankr. S.D.N.Y. 2010).

27. Rather, "Federal pleading standards apply when assessing the validity of a proof of claim" that has been objected to, for lack of documentation, under 11 U.S.C. § 502(b)(1). *In re AMR Corp.*, 2021 WL 5570293, at *2 (Bankr. S.D.N.Y. 2021). Accordingly, a creditor need only allege "enough facts to state a claim for relief that is plausible on its face." *Id*. That requirement is satisfied, because Claim #6 identifies the basis for the claim as "Judgment lien from lawsuit." That clearly satisfies pleading requirements under FRCP 8, because as noted above, the Debtor cited the judgment as the reason for this case in his LBR 1007-2 declaration. In any event, the judgment (District Ct. ECF [#194](#)) is hyperlinked herein.

28. Finally, Claim #6 should be allowed in the amount filed because the claim is for the amount of the judgment against him and Euros El Tina (ECF [#194](#)) plus attorneys' fees allowed by the District Court (District Ct. ECF [#195](#)), the Debtor is responsible for a majority of the compensatory and punitive damages awarded under the judgment and accordingly is jointly and severally liable for Euros' El Tina's share as a matter of law. *Ryan v. Brunswick Corp.*, 2002 WL 1628933, at *1 n.3 (W.D.N.Y. May 31, 2002) ("tortfeasors that are more than 50% at fault remain jointly and severally liable for all of plaintiff's non-economic loss", notwithstanding limitation on liability for tortfeasors that are 50% or less at fault under CPLR 1601(1); *In re New York City*

*Asbestos Litig.*, 194 Misc.2d 214, 216 (Sup. Ct. N.Y. Co. 2002) ("If a defendant is found more than 50% culpable … it cannot benefit from the statute [CPLR 1601(1)] and remains liable as a joint and several tortfeasor").

WHEREFORE, an Order should be entered overruling the Objection, granting leave to file Claim #6 after the claims bar date, allowing Claim #6 in full and granting such other and further relief as this Court deems just and proper.

Dated: New York, NY
       January 7, 2025

Amini LLC

/s/ Jeffrey Chubak
Jeffrey Chubak
131 West 35th Street
12th Floor
New York, NY 10001
(212) 490-4700
jchubak@aminillc.com

Evan Brustein
Brustein Law PLLC
299 Broadway
17th Floor
New York, NY 10007
(212) 233-3900
evan@brusteinlaw.com
Attorneys for Judgment Creditor Maria Jose Pizarro