Jeffrey Chubak
Amini LLC
131 West 35th Street
12th Floor
New York, NY 10001
(212) 490-4700
jchubak@aminillc.com

Brustein Law PLLC
299 Broadway
17th Floor
New York, NY 10007
(212) 233-3900
evan@brusteinlaw.com
Attorneys for Judgment Creditor Maria Jose Pizarro

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>SANTIAGO QUEZADA, SR.<br><br>Debtor | Case 24-22431-SHL<br><br>Chapter 11, Subchapter V |

### NOTICE OF JUDGMENT CREDITOR MARIA JOSE PIZARRO'S APPLICATION FOR FRBP 2004 EXAMINATION

PLEASE TAKE NOTICE, a hearing will be held before the Honorable Sean H. Lane, United States Bankruptcy Judge, on January 22, 2025, at 10:00 a.m., or as soon thereafter as counsel may be heard, on judgment creditor Maria Jose Pizarro's annexed application for FRBP 2004 examination.

PLEASE TAKE FURTHER NOTICE, you may appear at the hearing in person, at the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10601, or you may appear remotely via ZoomGov.  Per the Chambers Rules on remote and in-person proceedings, any person wishing to attend the hearing in person or participate or listen via ZoomGov must register at least twenty-four (24) hours before the hearing using the Court's eCourt Appearance tool https://www.nysb.uscourts.gov/ecourt-appearances.  Outlook

invitations for the hearing will be sent to registrants after 4:00 p.m. the business day before the hearing.

  PLEASE TAKE FURTHER NOTICE, answering papers must be filed at least seven days before the hearing.

| | |
|---|---|
| Dated: New York, NY<br>    January 7, 2025 | Amini LLC<br><br>/s/ Jeffrey Chubak<br>Jeffrey Chubak<br>131 West 35th Street<br>12th Floor<br>New York, NY 10001<br>(212) 490-4700<br>jchubak@aminillc.com<br><br>Brustein Law PLLC<br>299 Broadway<br>17th Floor<br>New York, NY 10007<br>(212) 233-3900<br>evan@brusteinlaw.com<br>Attorneys for Judgment Creditor Maria Jose Pizarro |

Jeffrey Chubak
Amini LLC
131 West 35th Street
12th Floor
New York, NY 10001
(212) 490-4700
jchubak@aminillc.com

Evan Brustein
Brustein Law PLLC
299 Broadway
17th Floor
New York, NY 10007
(212) 233-3900
evan@brusteinlaw.com
Attorneys for Judgment Creditor Maria Jose Pizarro

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| In re | Case 24-22431-SHL |
|---|---|
| SANTIAGO QUEZADA, SR. | Chapter 11, Subchapter V |
| Debtor | |

## JUDGMENT CREDITOR MARIA JOSE PIZARRO'S APPLICATION FOR FRBP 2004 EXAMINATION

Judgment creditor Maria Jose Pizarro ("Maria") makes this FRBP 2004 application for an order (a) authorizing her to serve document subpoenas on Popular Bank and Scotiabank in the form attached as Exhibit 1 and (b) compelling the Debtor's (i) production of documents responsive to the requests set forth in Exhibit 2 and (ii) attendance at a FRBP 2004 examination, at her undersigned counsel's office, at a mutually agreed date and time following receipt of documents in response to her document subpoenas and requests for production.

### BACKGROUND

1. Maria is a judgment creditor of the Debtor (S.D.N.Y. Case 20-cv-5783-AKH ("District Ct.") ECF #194; see also District Ct. ECF #195, reported at 2024 WL 837572) and the largest creditor in this case.

2. She was the manager of Euros El Tina Restaurant Lounge and Billiards Corp. ("Euros El Tina"), which was owned by the Debtor, and has personal knowledge of the Debtor's finances.

3. The Debtor's schedules of assets and liabilities (ECF #11 ("Schedules")) list three parcels in the Dominican Republic as owned by the Debtor. (Schedule A/B Items 1.2, 1.3, 1.4.) The first parcel, Cartera Duarte Km. 8 in Espaillat Province, is described as "Rural land/form" and a "Farm with home"; and no address is shown for the second or third, which are listed only as "El Coroza Moca" and "Bonagua" and described as "lots in the Dominican Republic that may be used for farming." No value is attributed to any of these properties in the schedules. Around $300,000 is attributed to them in the liquidation analysis (ECF #28 ("Plan") Exhibit A) annexed to the Plan.[1] However, a Dominican public records search indicates that the Debtor owns more than three parcels which together are worth around $12 million. (Maria Decl. ¶4 & Exhibit 1.)

4. The Debtor keeps a 2020 Mercedes Benz GLS with approximately 21,000 miles in the Dominican Republic, so presumably lives there at least part time. (Schedule A/B Item 3.2.) The value attributed to his 2024 Mercedes Benz GLS (presumably kept at his home in Westchester) is $185,500. (Schedule A/B Item 3.1.)

5. The sole bank accounts identified are a joint checking account with his son at TD Bank and Chase Bank. (Schedule A/B Items 17.1, 17.2.)

6. Neither TD Bank nor Chase Bank has any branches within the Dominican Republic.

7. No bank accounts at any Dominican banks are identified.

---

[1] The liquidation analysis states the total value of the Debtor's real property is $1 million. Accepting at face value the scheduled value of his Westchester home ($700,000), the Plan appears to attribute a value of just $300,000 to his Dominican properties, such that there is a significant delta between the Debtor's attributed value and the stated value per the Dominican public records search.

8. However, while Maria was general manager of Euros El Tina, the Debtor previously advised her that he maintains bank accounts in the Dominican Republic at Banco Popular (now named Popular Bank) and Scotiabank. (Maria Decl. ¶3.)

9. Those banks can be compelled pursuant to a subpoena to disclose information concerning any unscheduled Dominican bank accounts of the Debtor. *See B & M Kingstone, LLC v. Mega Int'l Commercial Bank Co., Ltd.*, 131 A.D.3d 259, 266-67 (1st Dep't 2015) ("Thus, the court's general personal jurisdiction over the bank's New York branch permits it to compel that branch to produce any requested information that can be found through electronic searches performed there", including "information pertaining to Mega's foreign branches"), *lv. denied*, 26 N.Y.3d 995 (2015).

10. The Debtor's monthly operating reports (ECF #21, #22, #23, #24, #32) reflect that substantially all of his income is derived from El Tina Fish Market Corp. or 207 Street Lina Restaurant Inc., yet virtually no information is provided concerning the value of his ownership interest in the fish market or fees paid/payable under his restaurant management agreement. Were this a small business case (11 U.S.C. § 1116), the Debtor would be required to attach financial statements and a tax return to the petition.

11. The Plan proposes to pay a dividend of "20% to 100%" to unsecured claims. The liquidation analysis also states that the total value of his personal property (including ownership interests in the fish market, future value of restaurant management fees and his scheduled automobiles) is just $505,000. As noted above, no evidence is provided as to the value of the foregoing.

## ARGUMENT

12. FRBP 2004(a) provides that "[o]n motion of any party in interest, the court may order the examination of any entity.

13. FRBP 2004(b) provides such examination "may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge."

14. "As a general proposition, Rule 2004 examinations are appropriate for revealing the nature and extent of the bankruptcy estate and for 'discovering assets, examining transactions and determining whether wrongdoing has occurred." *In re Enron Corp.*, 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002). As such, "Rule 2004 examinations are broad and unfettered and in the nature of fishing expeditions." *Id.*

15. Maria as the movant "bear[s] the burden of showing good cause for the examination [she is] seeking." *In re Serignese*, 2019 WL 2366424, at *2 (Bankr. S.D.N.Y. June 3, 2019) (citing *SIPC v. Bernard L. Madoff Investment Securities LLC (In re Madoff)*, 2014 WL 5486279, at *2 (Bankr. S.D.N.Y. Oct. 30, 2014)).

16. Good cause has been shown, as the requested discovery is needed to investigate the extent of the Debtor's (unscheduled) assets, the potential value of scheduled assets and to test the liquidation analysis and Plan projections. As noted above, Maria has reason to believe the Debtor has unscheduled Dominican bank accounts and that the value of his Dominican real property is understated, and meaningful disclosure has not been provided concerning the Debtor's personal property and income sources. Discovery is particularly warranted given the absence of an official committee, by operation of 11 U.S.C. § 1181(b).

# **NOTICE**

17. Although the Chambers Rules permit requests for FRBP 2004 orders to be made ex parte on presentment where it is anticipated that the relief is unopposed, out of an abundance of caution Maria is making this motion on notice to the Debtor and all parties that receive ECF notice herein.

WHEREFORE, an Order should be entered granting Maria's FRBP 2004 application and such other and further relief as this Court deems just and proper.

Dated: New York, NY
       January 7, 2025

Amini LLC

/s/ Jeffrey Chubak
Jeffrey Chubak
131 West 35th Street
12th Floor
New York, NY 10001
(212) 490-4700
jchubak@aminillc.com

Evan Brustein
Brustein Law PLLC
299 Broadway
17th Floor
New York, NY 10007
(212) 233-3900
evan@brusteinlaw.com
Attorneys for Judgment Creditor Maria Jose Pizarro