**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | |
| | : | **Case No. 24-22431** |
| Santiago Quezada, | : | |
| | : | **Chapter 11 Sub Chapter V** |
| Debtor. | : | |

-------------------------------------------------------------x

### NOTICE OF PRESENTMENT OF AN ORDER PURSUANT TO BANKRUPTCY CODE SECTION 327(e) AND FED. R. BANKR. PROC. 2014 AND 2016 AUTHORIZING THE EMPLOYMENT OF JACKSON LEWIS P.C AS SPECIAL COUNSEL TO THE DEBTOR

PLEASE TAKE NOTICE that upon the annexed application of Santiago Quezada (the "Debtor"), the undersigned will present the attached proposed order to the  Honorable Sean H. Lane, United States Bankruptcy Judge, for signature on January 28, 2025, at 12:00 noon.

PLEASE TAKE FURTHER NOTICE that unless a written objection to the proposed order, with proof of service, is filed with the Clerk of the Court and a courtesy copy is delivered to the Bankruptcy Judge's chambers at least three days before the date of presentment, there may not be a hearing and the Order may be signed.

PLEASE TAKE FURTHER NOTICE that if a written objection is timely filed, the Court will notify  the moving and objecting parties of the date and time of the hearing and of the moving party's obligation to notify all other parties entitled to receive notice.  The moving and objecting parties are required to attend the hearing, and failure to attend in person or by counsel may result in relief being granted or denied upon default.

PLEASE TAKE FURTHER NOTICE that the ECF docket number to which the filing relates shall be included in the upper right hand corner of the caption of all objections.

Dated: New York, New York
　　　January 13, 2025

　　　　　　　　　　　　　　　　　*/s/Norma E. Ortiz*
　　　　　　　　　　　　　　　　　Norma E. Ortiz
　　　　　　　　　　　　　　　　　287 Park Avenue South, Ste. 337
　　　　　　　　　　　　　　　　　New York, New York 10010
　　　　　　　　　　　　　　　　　718-522-1117
To:　Rachel Siegel　　　　　　　email@ortizandortiz.com
　　　Trial Attorney　　　　　　　Proposed counsel to the Debtor and
　　　Rachael.E.Siegel@usdoj.gov　Debtor in Possession

Ortiz & Ortiz, LLP
287 Park Ave. South, Ste. 337
New York, NY 10010
Tel. (718) 522-1117
Fax. (718) 596-1302
*Counsel for the Debtor and
Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

SANTIAGO QUEZADA,

                                                    Debtor.

Case No. 24-22431-shl

Sub Chapter V Chapter 11

**DEBTOR'S APPLICATION SEEKING ENTRY OF AN ORDER PURSUANT
TO SECTIONS 327(E) AND 328(A) OF THE BANKRUPTCY CODE, RULE
2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND
LOCAL BANKRUPTCY RULE 2014-1 AUTHORIZING AND APPROVING
THE EMPLOYMENT AND RETENTION OF JACKSON LEWIS P.C. AS
SPECIAL COUNSEL FOR THE DEBTOR EFFECTIVE *NUNC PRO TUNC*
TO MAY 14, 2024**

Santiago Quezada (the "Debtor" or "Quezada"), by and through his attorneys, Ortiz &.

Ortiz, LLP, hereby moves the Court for the entry of an order authorizing the Debtor to retain

Jackson Lewis P.C. ("Jackson Lewis") pursuant to sections 327(e) and 328(a) of title 11, United

States Code, section 101 *et seq*. (the "Bankruptcy Code"), Rule 2014(a) and of the Federal Rules

of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Bankruptcy

Rules for the Southern District of New York (the "LBR"), *nunc pro tunc* to May 14, 2024 (the

"Application"). In support of the Application, the Debtor respectfully represents as follows:

## I.        INTRODUCTION AND JURISDICTION

1.        This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 1334 and

157(b). This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(A), and (M) and (O).

2.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     The statutory bases for the relief requested herein are sections 327(e) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016(b), and LBR 2014-1.

## II.     BACKGROUND

4.     On May 14, 2024 (the "Petition Date"), the Debtor initiated a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  The Debtor is authorized to operate its business and manage its affairs as a debtor-in-possession pursuant to sections 1107(a)[1] and 1108 of the Bankruptcy Code.

5.     On May 17, 2024, Eric Huebscher was appointed as Trustee.

6.     No examiner or committee has been appointed.

7.     The Debtor owns an interest in an entity that no longer does business and an entity that operates a fish market that also sells cooked food.  Until recently, he managed a family-owned restaurant and received income for his management.  As set forth in the Debtor's Declaration Pursuant to Local Rule 1007, the Debtor was forced to seek the Court's protection as the result of the entry of a judgment that restrained his bank account.  The judgment has been appealed but the Debtor could not function and continue to run his business with a restraint on his account.  The Debtor would like to prosecute his appeal of the judgment while seeking to reorganize his affairs. The relevant factual information concerning the Debtor's operations and the events and circumstances leading to the Petition Date are set forth in the Declaration of

---

[1] Section 1107(a) of the Bankruptcy Code makes Sections 327(e) and 328(a) applicable to a debtor-in-possession.

Santiago Quezada, as amended and supplemented, made pursuant to LBR 1007-2 (the "Quezada Declaration"), which is incorporated herein by reference.[2]

8.      On February 23, 2024, a judgment was entered against the Debtor in the United States District Court for the Southern District of New York. An appeal is pending in the United States Court of Appeals for the Second Circuit (the "Second Circuit Appellate Claims"). The prosecution and/or settlement of this claim is vital to the Debtor's reorganization. Any plan the Debtor proposes will be, at least in part, contingent on the resolution of this claim.

9.      Jackson Lewis has been helping the Debtor resolve the Second Circuit Appellate Claim. By this application, the Debtor seeks permission to retain Jackson Lewis so that they may continue working to resolve this claim.

10.      As more fully set forth in the Declaration of Scott T. Baken (the "Baken Declaration"), attached hereto as **Exhibit A**, Jackson Lewis was the Debtor's counsel for the Second Circuit Appellate Claim prior to the Debtor's bankruptcy and has continued to represent the Debtor with respect to this claim. (Baken Decl. at ¶ 14.)

## <u>Jackson Lewis's Qualifications</u>

11.      Jackson Lewis's attorneys are ideally situated to help the Debtor adjudicate and resolve the Second Circuit Appellate Claims. (Baken Decl. ¶ 5.) Indeed, they have recently handled important and high-profile employment cases in New York State. (*Id.*) Since it has represented thousands of cases of alleged gender discrimination and sexual harassment, Jackson Lewis has extensive experience, knowledge, and expertise in the matters for which it seeks to be retained (i.e. employment law). (*Id.*)

---

[2] Further citation to the Quezada Declaration shall appear as ("Quezada Decl. at ¶__").  The Quezada Declaration is filed as ECF Doc. # 2.

12.     In addition, Jackson Lewis has experience prosecuting judicial appeals in front of many courts, from New York State's administrative courts to the Court of Appeals. (*Id.* at ¶ 6.) Jackson Lewis has represented clients in all of New York's judicial and quasi-judicial institutions. (*Id.*)

## Services to be Provided

13.     Under this retention, Jackson Lewis seeks only to represent the Debtor in his Second Circuit Appellate Claims. This includes helping the Debtor prosecute the Appeal, analyzing and negotiating with the claimants related to that claim, counseling the Debtor regarding the claim, and performing other required duties related to the claim. If the Debtor objects to any claims stemming from the Second Circuit Appellate Claims, Jackson Lewis will assist in the prosecution of that objection.  In short, the sole scope of Jackson Lewis's employment will be limited to the adjudication and resolution of the Second Circuit Appellate Claims and the claims from the claimants thereof.

14.     The Debtor proposes that Jackson Lewis will continue on a post-petition basis to provide the specific legal services as set forth above in its capacity as special counsel to the Debtor.  Specifically, Jackson Lewis will continue to provide legal services to the Debtor with respect to its Second Circuit Appellate Claims.  Importantly, the legal services provided by Jackson Lewis to the Debtor will in no way be duplicative of the services provided by the Debtor's lead restructuring counsel, Ortiz & Ortiz, LLP.  Should the scope of Jackson Lewis's services expand beyond the scope discussed herein, Jackson Lewis will file a supplemental retention application with the Court.

## Professional Compensation

15.     Subject to this Court's approval, the terms and conditions of Jackson Lewis's retention and its compensation are as follows:

|  | Hourly Rates: | |
|---|---|---|
| | Scott T. Baken: | $675 |
| | Poonam Sethi: | $425 |
| | Dylan Carp: | $675 |
| | Retainer payment date: | Jackson Lewis received $25,000 in May 2024 to cover services performed prior to the Petition Date. |

16.     Per the terms of the Engagement Agreement, Jackson Lewis intends to apply for compensation for professional services rendered on an hourly basis. Additionally, Jackson Lewis intends to apply for reimbursement of expenses incurred in connection with services rendered, subject to Court approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the guidelines established by the U.S. Trustee (the "UST Guidelines"), and any other applicable procedures and orders of this Court.

17.     Prior to any increases in Jackson Lewis's rates, Jackson Lewis shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtor, the United States Trustee, and any official committee, which supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtor has consented to the rate increase. The Office of the United States Trustee for the Southern District of New York retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and all rates and rate increases are subject to review by the Court.

18.     It is Jackson Lewis's policy to charge its clients in all areas of practice for identifiable non-overhead expenses incurred in connection with the client's case that would not have been incurred except for the representation of that particular client. It is also Jackson Lewis's policy to charge its clients only the amounts actually incurred by Jackson Lewis in connection with such items. Examples of such expenses include postage, overnight mail, filing

fees, transportation, computerized legal research, photocopying, and travel expenses. Any

request for reimbursement of expenses will comply with the UST Guidelines.

## Bases for Relief

19.    Section 327(e) of the Bankruptcy Code provides that a debtor, subject to Court

approval:

> may employ, for a specified special purpose . . . an attorney
> that has represented the debtor, if in the best interest of the
> estate, and if such attorney does not represent or hold any
> interest adverse to the debtor to the estate with respect to the
> matter on which such attorney is to be employed.

11 U.S.C. § 327(e).

20.    Under Section 328(a) of the Bankruptcy Code the court may allow the Debtor to

> employ or authorize the employment of a professional
> person under section 327 or 1103 of this title, as the case
> may be, on any reasonable terms and conditions of
> employment, including on a retainer, on an hourly basis, on
> a fixed or percentage fee basis, or on a contingent fee basis.

11 U.S.C. § 328(a).

21.    Moreover, Bankruptcy Rule 2014(a) requires that an application for retention

include:

> specific facts showing the necessity for the employment, the
> name of the [firm] to be employed, the reasons for the
> selection, the professional services to be rendered, any
> proposed arrangement for compensation, and, to the best of
> the applicant's knowledge, all of the [firm's] connections
> with the debtor, creditors, any other party in interest, their
> respective attorneys and accountants, the United States
> trustee, or any person employed in the office of the United
> States trustee.

Fed. R. Bankr. P. 2014(a).

22.    Finally, Rule 2014-1 of the LBR states:

> An application for the employment of a professional person pursuant to sections 327 and 328 of the Bankruptcy Code must state the specific facts showing the reasonableness of the terms and conditions of the employment, including the terms of any retainer, hourly fee or contingent fee arrangement.

LBR 2014-1.

23.     In considering whether to appoint special counsel under 327(e), courts generally consider whether "(1) the representation is in the best interest of the estate, (2) the attorney represented the debtor in the past, (3) the attorney is for a specific purpose approved by the court, other than to represent the debtor in conducting the case, (4) the attorney does not represent or hold an interest adverse to the debtor or the debtor's estate." *In re Woodworkers Warehouse, Inc.*, 323 B.R. 403, 406 (Bankr. D. Del. 2005); *see also In re AroChem Corp.*, 176 F.3d 610, 622 (2d Cir. 1999) (noting that "where the interest of the special counsel and the interest of the estate are identical with respect to the matter for which special counsel is retained, there is no conflict and the representation can stand").

24.     In considering whether the terms and conditions are reasonable, courts in the Second Circuit use a "market driven" approach. *See In re Residential Capital, LLC*, 504 B.R. 358, 368 (Bankr. S.D.N.Y. 2014).  Under this approach, the court makes a determination based on the cost of similar services.  (*Id.*)

25.     Jackson Lewis has neither asserted a pre-petition claim against the Debtor, nor are they listed as a creditor in the Debtor's schedules.  Should a claim arise, the Debtor expressly reserves his rights under bankruptcy and non-bankruptcy law to object to any claim that Jackson Lewis asserts against the Debtor and to prosecute any claim the Debtor may possess against Jackson Lewis.

26.     Furthermore, the terms and conditions as set forth in the Engagement Agreement are well within the market rate for comparable services and therefore easily satisfy the standard under section 328(a).  Moreover, Jackson Lewis has conducted a check for connections with the Debtor, its creditors, any other parties in interest, their respective attorneys and accountants, the United States trustee, and any person employed by the office of the United States Trustee. Any connections Jackson Lewis found, if any, are detailed in the Conflicts List attached as **Exhibit B**.

27.     The Debtor submits that for all the reasons stated above and in the Jackson Lewis Declaration, the employment of Jackson Lewis by the Debtor is in the best interest of the Debtor's estate and satisfies all other standards for retention under sections 327(e) and 328(a) of the Bankruptcy Code, under Rule 2014(a) of the Bankruptcy Rules, and under Rule 2014-1 of the LBR.  In light of the narrow scope of the services to be provided by Jackson Lewis during the Chapter 11 case, Jackson Lewis employment is proper under Section 327(e) of the Bankruptcy Code.

## No Adverse Interest

28.     To the best of the Debtor's knowledge, and as set forth in the Baken Declaration, Jackson Lewis does not hold or represent an interest adverse to the Debtor or its estate with respect to the limited scope of its services as required by section 327(e) of the Bankruptcy Code.

29.     Jackson Lewis will periodically review its files during the pendency of this Chapter 11 case to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, Jackson Lewis will use reasonable efforts to identify such further developments and promptly will file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

## Nunc Pro Tunc Relief is Warranted

30.     The Debtor believes that employment of Jackson Lewis effective *nunc pro tunc* to May 14, 2024, is warranted under the circumstances of this Chapter 11 case so that Jackson Lewis may be compensated for its services rendered prior to its retention pursuant to an order of the Court. The automatic stay did not apply to claims the Debtor was asserting against the claimants, and as such Jackson Lewis has already had to perform work for the Debtor. Further, the Debtor believes that no party in interest will be prejudiced by the granting of the *nunc pro tunc* employment because Jackson Lewis provided, and will continue to provide, valuable services to the Debtor's estate regarding its Second Circuit Appellate Claims.

## No Prior Request

31.     No prior application for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtor respectfully requests entry of the Order, substantially in the form attached hereto and granting such relief as is just and proper.

Dated: New York, New York
   January 13, 2025          Respectfully submitted,


        By: */s/ Norma E. Ortiz*
          Norma E. Ortiz, Esq.
          ORTIZ & ORTIZ, LLP
          287 Park Avenue Souht, Ste. 337
          New York, NY 10010
          Tel. (718) 522-1117
          Fax. (718) 596-1302
          email@ortizandortiz.com
          *Attorneys for Debtor and Debtor-in-Possession*

**EXHIBIT A**
**DECLARATION OF SCOTT T. BAKEN**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
                                 :

In re                             :

                             :

SANTIAGO QUEZADA, SR.,     :         Case No. 24-22431-shl

                             :

                             :         Sub-Chapter V Chapter 11

         Debtor and Debtor in Possession.   :
-------------------------------------------------------X

**DECLARATION OF SCOTT T. BAKEN, ESQ. IN SUPPORT OF DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER PURSUANT TO SECTION 327(E) OF THE BANKRUPTCY CODE AUTHORIZING AND APPROVING EMPLOYMENT AND RETENTION OF JACKSON LEWIS P.C. AS COUNSEL FOR DEBTOR EFFECTIVE MAY 13, 2024.**

**SCOTT T. BAKEN, ESQ.**, an attorney admitted to practice law in the State of New York, declares the following is true and correct to the best of my knowledge, information and belief:

1. I am a principal with the law firm of Jackson Lewis P.C. ("Jackson Lewis"), which maintains an office located at 44 South Broadway, 14th Floor, White Plains, New York.

2. I am a member in good standing of the Bar of the State of New York, and I have been admitted to practice in New York since March 1985.

3. I submit this declaration in support of Debtor Santiago Quezada, Sr.'s (the "Debtor") application for entry of an order pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code, Rule 2014(a) of the Bankruptcy Rules and Local Rule 2014-1, authorizing and approving the employment and retention of Jackson Lewis as employment counsel for the Debtor with respect to certain services more fully set forth in the Engagement Agreement annexed as Exhibit A during this Chapter 11 case (the "Application"). Except as otherwise noted, I have personal knowledge of the matters set forth herein. To the extent any information disclosed in this Declaration requires supplementation, I will ensure a supplemental declaration is submitted to the Court.

Services to Be Provided

4. The services Jackson Lewis will render to the Debtor shall include, without limitation, the following:

    a. Jackson Lewis will represent the Debtor with respect to the appeal of a judgment entered on or about February 23, 2024 against the Debtor by the United States

District Court for the Southern District of New York State, which appeal is pending before the United States Court of Appeals for the Second Circuit ("Second Circuit Appellate Claims");

b.  Jackson Lewis will assist in the analysis of the Second Circuit Appellate Claims and the Debtor's attempts to settle the Second Circuit Appellate Claims;

c.  Jackson Lewis will consult with bankruptcy counsel for the Debtor in connection with the adjudication of, and attempts to settle, the Second Circuit Appellate Claims; and

d.  Jackson Lewis will perform such other duties as are normally required by the Debtor in connection with the Second Circuit Appellate Claims.

Jackson Lewis' Qualifications

5.  The lawyers at Jackson Lewis are ideally situated to represent the Debtor in adjudicating and seeking to resolve the Second Circuit Appellate Claims. For example, I have litigated requests to dismiss and/or remit compensatory and punitive damage awards. In addition, other attorneys in Jackson Lewis' Trials and Appeals Group have litigated issues similar to those presented in the Second Circuit Appellate Claims, and have defended some of the most important and high-profile employment cases litigated in New York in recent years. Jackson Lewis' litigation attorneys have represented thousands of clients in defending claims for alleged gender discrimination and sexual harassment, and are well versed in the substantive, evidentiary and procedural intricacies such defenses entail.

6.  Jackson Lewis attorneys regularly adjudicate a wide variety of judicial matters, including administrative proceedings, trials and appeals, and have advocated on behalf of clients before the judicial and quasi-judicial institutions of New York, from conciliation conferences to trials, appellate advocacy and oral arguments before New York's highest court, the Court of Appeals.

Proposed Terms of Compensation

7.  Subject to the Court's approval and in accordance with 11 U.S.C. §§ 330 & 331, the Debtor requests that Jackson Lewis be compensated on an hourly basis, plus reimbursement of the actual and necessary expenses Jackson Lewis incurs in connection with its representation of the Debtor, in accordance with the hourly rates described below.

8.  The discounted hourly rates (discounted from Jackson Lewis' regular hourly rates), practice groups, and years of admission to the bar for the attorneys at Jackson Lewis who

are expected to have primary responsibility for the Debtor's appeal are set forth below:[1]

| Attorney | Year of Admission | Practice Group | Hourly Rate |
|----------|-------------------|----------------|-------------|
| Scott T. Baken | 1984 | Trials and Appeals | $675 |
| Poonam Sethi | 2014 | Trials and Appeals | $425 |
| Dylan Carp | 1998 | Trials and Appeals | $675 |

9.  Jackson Lewis will maintain detailed, contemporaneous records of the time billed and the actual and necessary expenses incurred in connection with rendering the legal services described herein.

10. Jackson Lewis shall provide ten (10) business days' notice to the Debtor, the U.S. Trustee, and any Official Committee before any increases in the hourly rates set forth herein are implemented, and shall file a copy of such notice with the Court. I understand: (a) the U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in Section 330 of the Bankruptcy Code; and (b) the Court retains the right to review any rate increase pursuant to Section 330 of the Bankruptcy Code.

11. No promises have been received by Jackson Lewis or by any principal, of counsel or associate of Jackson Lewis as to compensation in connection with the Debtor's appeal other than in accordance with the provisions of the Bankruptcy Code and as described herein. Jackson Lewis further states that pursuant to Bankruptcy Rule 2016(b), it has not shared or agreed to share: (a) any compensation Jackson Lewis has received or may receive from another party or person in connection with the Debtor's appeal, other than with the principals, of counsel, associates, contract attorneys and paralegals associated with Jackson Lewis; or (b) any compensation another person or party has received or may receive in connection with the Debtor's appeal.

12. Jackson Lewis' retention is for the specific purposes referenced herein. Jackson Lewis will work cooperatively with the Debtor's bankruptcy counsel in order to ensure that no duplication of services occurs.

13. The Jackson Lewis attorneys described above have read and are fully familiar with the Bankruptcy Code, Bankruptcy Rules and Local Rules, and are competent to handle whatever might reasonably be expected of the Debtor's employment counsel.

---

[1] This list is not exclusive. Jackson Lewis may utilize other attorneys and paralegals in a more limited capacity to facilitate this engagement.

Compensation Received Prior to the Bankruptcy Filing

14. Jackson Lewis has represented the Debtor since May 2024 under a separate existing engagement, and has received a retainer fee of $25,000.00.  The retainer fee was intended to cover services performed by Jackson Lewis prior to the filing of the bankruptcy.

Eligibility Under Section 327(e)

15. In connection with the Debtor's proposed retention of Jackson Lewis under Section 327(e) of the Bankruptcy Code, Jackson Lewis has sought to determine whether I or Jackson Lewis have any conflicts or other relationships that might cause us to hold, or might represent, an interest adverse to the Debtor or its estate with respect to the services to be rendered by Jackson Lewis in the Debtor's appeal.  Specifically, Jackson Lewis has researched its client database to determine if there were any connections with the individuals and entities involved in the matters on which Jackson Lewis is being employed under the Engagement Agreement.  I have also reviewed the Conflict List annexed hereto as Exhibit B to ensure that Jackson Lewis has not represented any creditors of the Debtor who have filed claims in this Chapter 11 case to the extent that such representations could result in an adverse interest being raised which would render Jackson Lewis ineligible to serve as special counsel in this case.  These conflicts searches have disclosed the following information which, in my opinion, should not disqualify Jackson Lewis from representing the Debtor in the Debtor's appeal: Blustein Law, the IRS, and Rose Law Group are opposing counsel to Jackson Lewis in a number of open matters; Mercedes Benz Financial Services is a former client of Jackson Lewis; and Navient and Rocket Mortgage are current clients of Jackson Lewis, but those representations are unrelated to the Debtor's appeal or the Debtor's bankruptcy case.  As a result, I do not believe any conflict of interest would arise: (a) due to Jackson Lewis' representation of its current or former clients in matters unrelated to the Debtor's appeal or the Debtor's bankruptcy case; or (b) due to any creditors being opposing counsel to Jackson Lewis in employment matters unrelated to the Debtor's appeal or the Debtor's bankruptcy case.

16. Based upon this review, I did not uncover any connection or relationship that, in my opinion, would render Jackson Lewis ineligible to serve as the Debtor's employment counsel.

17. Although reasonable efforts have been made to uncover and disclose any connections Jackson Lewis may have with any of the Debtor's creditors, affiliates, principals, officers, and litigation parties, Jackson Lewis regularly updates its client database, and does not open any new matters without reviewing the information necessary to check such matters for conflicts, including the identities of the prospective clients, the nature of the matters, and related and adverse parties.  Jackson Lewis will continue to apply its conflicts and disclosure procedures to this Chapter 11 case as additional information concerning entities which may have a connection with the Debtor is developed, if any.  I will ensure appropriate supplemental disclosures are filed with the Court, as may be necessary.

18. As such, the Debtor respectfully requests the Court to approve the Debtor's retention of Jackson Lewis as employment counsel for the purposes described herein.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury the foregoing is true and correct to the best of my knowledge, information and belief.

December 16, 2024
White Plains, New York

_____
Scott T. Baken

4920-5821-3125, v. 2

5

**EXHIBIT B**
**CONFLICTS LIST**

**SANTIAGO QUEZADA SR.**
**24-22431-shl**


**Creditors and Parties-in-Interest Reviewed for Current and Recent Former Relationships**

     ***Unless otherwise noted in the comments section below***, a search of the professional's books and records showed no connection to or prior contact with the parties and entities listed below prior to the date the Debtor filed its voluntary petition.  The professional excludes a contact with a creditor as a consumer, such as a purchaser or consumer of a product sold by a creditor or vendor.

     The professional reserves its right to amend this list in the event that additional parties are added to the list of creditors and parties-in-interest or additional information is received by the professional.

**CREDITORS, VENDORS, PROFESSIONALS AND POTENTIAL CREDITORS**

| Name | COMMENT |
|---|---|
| Argilio Rodriguez, Esq. | |
| Brustein Law PLLC<br>299 Broadway, 17th Floor<br>New York, NY 10007 | Opposing counsel to Jackson Lewis in a number of open matters. |
| Cardiology Assoc. of Westchester<br>128 Radio Circle<br>Mount Kisco, NY 10549 | |
| Internal Revenue Service<br>PO Box 7346<br>Centralized Insolvency Agency<br>Philadelpia, PA 19101-7346 | Opposing counsel to Jackson Lewis in a number of open matters. |
| Jose Eladio Castro<br>c/o The Rose Law Group. PLLC<br>3272 Steinway Street, Ste. 503<br>Astoria, NY 11103 | |
| Maria Jose Pizarro<br>c/o Brustein Law PLLC<br>299 Broadway, 17th Floor<br>New York, NY 10007 | |
| Mark A. Marino PC<br>99 Wall Street<br>Ste. 1865 | |

| | |
|---|---|
| New York, NY 10005 | |
| Martin Restituyo, Esq. | |
| Mercedes Benz Financial Services<br>POB 685<br>Roanoke, TX 76262 | Former client. |
| Navient<br>Po Box 9500<br>Wilkes Barre, PA 18773 | Current client, but those representations are unrelated to the Debtor's appeal or the Debtor's bankruptcy case. |
| NYS Dept of Tax and Finance<br>Bankruptcy Section<br>PO Box 5300<br>Albany, NY 12205-0300 | |
| Rocket Mortgage<br>1050 Woodward Ave<br>Detroit, MI 48226 | Current client, but those representations are unrelated to the Debtor's appeal or the Debtor's bankruptcy case. |
| Rocket Mortgage<br>30600 Telegraph<br>Bingham Farms, MI 48025 | Current client, but those representations are unrelated to the Debtor's appeal or the Debtor's bankruptcy case. |
| Santiago Quezada Jr.<br>270 N. Broadway<br>Apt. 1CD<br>Yonkers, NY 10701 | |
| Santiago Quezada Sr.<br>258 Rumsey Road,<br>Yonkers, NY 10705 | Jackson Lewis has represented the Debtor since May 2024. |
| Scott T. Baken, Esq.<br>Jackson Lewis P.C.<br>44 Sout Broadway, 14th Flr.<br>White Plains, N.Y. 10601 | |
| The Rose Law Group. PLLC<br>3272 Steinway Street, Ste. 503<br>Astoria, NY 11103 | Opposing counsel to Jackson Lewis in a number of open matters. |
| U.S. Small Business Administration<br>CESC-COVID EIDL Service Center<br>14925 Kingsport Road<br>Fort Worth, TX 76155 | |

**DEBTOR'S INSIDERS**

| PARTY | COMMENT |
|---|---|
| Santiago Quezada Jr.<br>270 N. Broadway<br>Apt. 1CD<br>Yonkers, NY 10701 | |
| Mrs. Santiago Quezada, Sr.<br>258 Rumsey Road,<br>Yonkers, NY 10705 | |

**OFFICE OF THE U.S. TRUSTEE AND TRUSTEE**

| PARTY | COMMENT |
|---|---|
| Office of the U.S. Trustee | |
| Rachel Siegel | |
| Madeleine Vescovacci | |
| Sub Chapter V Trustee Eric Huebscher | |

**CHAMBERS OF U.S. BANKRUPTCY JUDGE**

| PARTY | COMMENT |
|---|---|
| Judge Sean H. Lane | |
| Liza Ebanks-Holley | |
| Christine Azzaro | |
| Alana Lyman | |
| Sean Johannsen | |

## OFFICERS AND DIRECTORS OF THE DEBTOR

| PARTY | COMMENT |
|---|---|
| Not Applicable | |
| | |

## ENTITIES IN WHICH DEBTOR OWNS AN INTEREST

| Entity | COMMENT |
|---|---|
| El Tina Fish Market Corp<br><br>Euros El Tina Restaurant Lounge and Billiards Corp. | |

**EXHIBIT C**
**PROPOSED ORDER**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

In re

**SANTIAGO QUEZADA,**

Case No. 24-22431-shl

Sub-Chapter V Chapter 11

Debtor.

-------------------------------------------------------x

### ORDER PURSUANT TO SECTION 327(e) OF THE BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT OF JACKSON LEWIS P.C. AS SPECIAL COUNSEL FOR THE DEBTOR AS OF MAY 14, 2024

Upon the application (the "Application") of Santiago Quezada, (the "Debtor"), as debtor and debtor in possession, dated January 8, 2025, for entry of an order pursuant to 11 U.S.C. § 327(e) authorizing and approving the employment of Jackson Lewis P.C. ("Jackson Lewis") as special counsel; upon the Declaration of Scott T. Baken, Esq., a partner at Jackson Lewis; and it appearing that the members of Jackson Lewis are qualified for the matters for which it is being retained; and the Court being satisfied that Jackson Lewis represents no interest adverse to the Debtor and its estate as to the matters upon which it is to be engaged, is disinterested under 11 U.S.C. §101(14), and that the employment of Jackson Lewis is necessary and in the best interest of the Debtor and its estate; due notice of the Application having been given to the United States Trustee, and it appearing that no other or further notice need be given; sufficient cause appearing therefore, it is

ORDERED, that the Application is granted to the extent set forth herein as of May 14, 2024; and it is further

ORDERED, that pursuant to 11 U.S.C. § 327(e) of the Bankruptcy Code, the Debtor is authorized to employ Jackson Lewis as its special counsel as of May 14, 2024, to perform the services set forth in the Application, under the terms and conditionsset forth in the Application; and it is further

ORDERED, that pursuant to 11 U.S.C. §327(e), Jackson Lewis shall seek compensation for legal services upon the application to the Court, and upon notice and a hearing pursuant to 11 U.S.C. §§ 330 and 331 and

Bankruptcy Rule 2014 and S.D.N.Y.L.B.R. 2014-1 and the Guidelines of the Office of the United States Trustee; and it is further

ORDERED, that prior to any increases in Jackson Lewis rates for any individual retained by Jackson Lewis and providing services in this case, Jackson Lewis shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtor, the United States Trustee and the Subchapter V Trustee. The supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether Jackson Lewis's client has consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to Section 330 of the Bankruptcy Code; and it is further

ORDERED, that Jackson Lewis will not seek to use contract lawyers to perform services without separate Court approval; and it is further

ORDERED, that the Court shall retain jurisdiction to hear and to determine all matters arising from or related to the implementation of this Order; and it is further

ORDERED, that if there is any inconsistency between the terms of this Order, the Application, and the Declaration of Scott T. Baken, Esq. in support thereof, the terms of this Order shall govern.

Dated: New York, New York
　　　　January _____, 2025

_____

SEAN H. LANE

U.S BANKRUPTCY JUDGE

NO OBJECTION:

s/
_____
Office of the United States Trustee

Rachel Siegel
Trial Attorney
U.S. Trustee's Office
One Bowling Green, Room 534
New York, NY 10004-1408
(212) 510-0509

ORTIZ & ORTIZ, LLP
287 Park Ave. South, Ste. 337
New York, NY 10010
Tel.  (718) 522-1117
Fax. (718) 596-1302
*Counsel for the Debtor*
*and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

Santiago Quezada,                                             Case No. 24-22431

                                    Debtor.            Sub-Chapter V Chapter 11

## AFFIDAVIT OF SERVICE

I, Norma E. Ortiz, being duly sworn, states as follows:

1.  I am over 18 years of age and not a party to this case.

2.  On January 13, 2025, I served a true and correct copy of the *Application to Employ Jackson Lewis P.C as Special Counsel to the Debtor,* by email on:

> **Rachel Siegel**
> United States Trustee
> Email: Rachael.E.Siegel@usdoj.gov

I hereby declare that the foregoing statements made by me are true to the best of my knowledge and belief.

Dated: New York, New York
        January 13, 2025

                                        By: */s/ Norma E. Ortiz*
                                            Norma E. Ortiz, Esq.
                                            ORTIZ & ORTIZ, LLP
                                            287 Park Avenue Souht, Ste. 337
                                            New York, NY 10010
                                            Tel. (718) 522-1117
                                            Fax. (718) 596-1302
                                            email@ortizandortiz.com
                                            *Counsel for the Debtor and Debtor in*
                                            *Possession*