```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
                                                       :
In re                                                  :
                                                       :
SANTIAGO QUEZADA, SR.,                                 :    Case No. 24-22431-shl
                                                       :
                                                       :    Sub-Chapter V Chapter 11
                          Debtor.                      :
-------------------------------------------------------x
```

## RESPONSE TO REQUEST FOR RULE 2004 EXAMINATION

Santiago Quezada, Sr. (the "Debtor") hereby responds to the Notice of Judgment Creditor Maria Jose Pizarro's Application for FRBP 2004 Examination (the "Motion") by and through his counsel Ortiz & Ortiz LLP. In support of this response, the Debtor states as follows:

### Relevant Facts

1. Maria Jose Pizarro ("Pizarro") obtained a judgment against the Debtor prior to the filing of his bankruptcy petition that is presently upon appeal. Pizarro's claim was scheduled by the Debtor as disputed in his Schedule E/F. There is no dispute that Pizarro is listed as the Debtor's largest creditor. The Debtor has a pending objection to her late filed claim.

2. Pizarro seeks the entry of an order scheduling a Bankruptcy Rule 2004 Examination of the Debtor that permits Pizarro to subpoena bank statements from accounts allegedly owned by the Debtor that were not scheduled by the Debtor in Schedule A/B and permits her to conduct an examination of the Debtor.

### Response

3. The Debtor has no opposition to Pizarro's request. However, he disputes some of the allegations asserted by Pizarro for the following reasons. The Debtor filed his Subchapter V petition on May 14, 2024 (the "Petition Date"): close to eight months ago. Neither Pizarro nor

any other creditor has participated in this case. As a result, in the absence of creditor participation, the Debtor has undergone numerous in-depth interviews undertaken by the Office of the U.S. Trustee ("UST") and the Subchapter V Trustee Eric Huebscher (the "Trustee"). The Trustee and the UST have made repeated requests for information regarding the Debtor and the Debtor has attempted, at all times, to respond to these inquiries to ensure that he fully discloses all of the information needed to properly prosecute his case. In fact, the Trustee recently physically visited the Debtor's business on less than one days notice to personally observe the Debtor's business operations. At no time has the Debtor not disclosed the information needed to fully disclose his assets and liabilities and prosecute his case in good faith.

4. Since the Petition Date, the Debtor has, among other things, obtained appraisals of the three properties he asserted he owns in the Dominican Republic and provided the UST and the Trustee with updated information regarding his interests in his assets. However, obtaining information from the Dominican Republic has been, among things, time consuming. For example, within the last 30 days, we obtained information from the Debtor – but not yet from a lawyer or person of authority in the Dominican Republic – that one of the properties he asserts he owns in that country does not bear his name on the deed to the property and he may not have an economic or beneficial interest in the property.

5. One of the corporations listed by Pizarro as being owned by the Debtor but not listed in Schedule A/B is another issue that has been investigated by the Trustee, the UST, and the undersigned since the Petition Date. The Debtor does not possess the shares of this entity but he may or may not be the beneficial owner of the entity. The Debtor has been working towards resolving this issue and has continued to communicate with the UST and Trustee about his efforts.

6. Although the Schedules A/B have not been amended to reflect the information we have obtained since the Petition Date because we have not completed our investigation, the Debtor has made every attempt to disclose to and cooperate with the UST and the Trustee. The Debtor has hesitated to file amended schedules until he can ensure they accurate.

7. The undersigned consented to an in-depth interview of the Debtor by the UST and Trustee, in addition to the Initial Debtor Interview and the Section 314 meeting, in an effort to demonstrate the Debtor is fully willing to cooperate and fully disclose the assets of the bankruptcy estate. The Debtor has no intention of not complying with his obligations as a debtor-in-possession and disclosing the full extent of his assets and liabilities.

Dated: New York, New York
      January 15, 2025

Respectfully submitted,

By: */s/ Norma E. Ortiz*
    Norma E. Ortiz
    Ortiz & Ortiz, LLP
    287 Park Avenue South, Ste. 337
    New York, New York 10010
    Tel. No. 718.522.1117
    email@ortizandortiz.com
    *Counsel to the Debtor*
    *Debtor-in-Possession*