Ortiz & Ortiz, LLP
287 Park Ave. South, Ste. 337
New York, New York  10010
Tel. No. 718.522.1117
*Counsel to the Debtor and
Debtor-in-Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
:
In re                                              :
:
SANTIAGO QUEZADA Sr.,           :
:  Case No. 24-22431-shl
:
:  Sub-Chapter V Chapter 11
:
                 Debtor.           :
------------------------------------------------------x

**DEBTOR'S (I) REPLY TO MARIA PIZARRO'S RESPONSE TO THE DEBTOR'S OBJECTION TO CLAIM NO. 6 AND (II) RESPONSE TO MARIA PIZARRO'S CROSS-MOTION FOR LEAVE TO FILE A CLAIM LATE AND TO ALLOW SUCH CLAIM**

TO THE HONORABLE SEAN H. LANE,
UNITED STATES BANKRUPTCY JUDGE:

Santiago Quezada Sr. (the "Debtor"), hereby replies (the "<u>Reply</u>") to Maria Pizarro's ("Pizarro") response [Ecf No. 40] (the "Pizarro Response") to the Debtor's Objection to Pizarro's Claim No. 6 (the "Claim Objection") [Ecf No. 31] and to the cross-motion [Ecf. Doc. No. 34] requesting that Pizarro be permitted to file a late file claim ("Late Claim Motion"). In support of his reply and response, the Debtor asserts as follows:

**RELEVANT FACTS**

1. The Debtor filed a Sub Chapter V Chapter 11 petition on May 14, 2024 ( the ("Petition Date"). Eric Huebscher was appointed as the Sub Chappter V trustee on May 17, 2024

2. Pizarro obtained a judgment against the Debtor that arose from, in part, an

allegation of sexual abuse. Pizarro obtained a pre-petition judgment against the Debtor in excess of $2,000,000.00 and her claim was listed as disputed on the Debtor's bankruptcy schedules because the amount of the damages awarded in that action has been appealed by the Debtor. A mediation to attempt to settle the resolution of the judgment was conducted in December 2024 but it did not result in a resolution of her claim. The Debtor continues to prosecute this appeal. An application to retain appellate counsel was recently filed with the court.

3. The Debtor listed Pizarro's pre-petition attorneys Brustein Law PLLC ("Brustein") and Mark A. Marino P.C. ("Marino") as her mailing address since the bankruptcy petition was filed in May 2024. The certificate of service of the bar date notice and proof of claim form reflects this fact. [Ecf No. 20]. The undersigned was informed that because of the sexual assault nature of the claim asserted by her against the Debtor, Pizarro did not want her home address filed in the case and disclosed to the Debtor. As a result of this request, upon information and belief, the Debtor has never disclosed Pizarro's home address in any publicly-filed document in this case and has not utilized her home address as an address for service since the Petition Date.

4. The Debtor made more than one attempt to request a mailing address from Pizarro but was instructed to email her instead. However, the standard Bar Date order entered by the Court provides for notice by mail to all creditors. Although neither Brustein nor Marino ever filed a notice of appearance in this case until December 2024, any physical mailing of documents by the Debtor on behalf of Pizarro have continued to be served upon Marino and Brustein pursuant to the creditor matrix filed with the court. Upon information and belief, the Debtor has never received a rejection or return of documents mailed to these law firms and did not receive a rejection of the Notice of the Bar Date Order. As a result, the Debtor reasonably relied on its ability to serve all physically-created documents upon Brustein and Marino under the

2

circumstances of this case. For these reasons, Pizarro - through Brustein and Marino - received timely notice of the Bar Date in this case.

5. When the undersigned realized that no claim by Pizarro had been filed, she undertook to email Pizarro and alert her to the deadline. Pizarro, or someone on her behalf, prepared a proof claim and, upon information and belief, attempted to email it to the court before the Bar Date. The undersigned attempted to assist Pizarro and explain to her that she should contact the court to ensure that her claim was timely filed.

6. After these communications, the undersigned presumed that Pizarro had delivered her proof of claim to the court before the September 13, 2024 bar date deadline. It was not until a few months later that the undersigned determined from communications with the court's staff and a review of the court's docket that there was no physical evidence that a claim by Pizarro had been timely filed. The Debtor requested proof of Pizarro's proof of claim filing by email but did not receive a response.

7. Upon information and belief, the Debtor was informed that when the mediation occurred in December 2024, appellate counsel for the Debtor informed Brustein that no claim had been timely filed in the instant case. On or about the day after the mediation, Brustein filed a notice of appearance and a claim on behalf of the Pizarro. Amini LLC has been retained to address the late filing of Pizarro's claim after the Debtor's objection to her claim was filed.

**REPLY**

8. Pizarro asserts that she did not receive timely and adequate notice of the Bar Date because the notice of the bar date was not mailed to her home. However, the Debtor possesses email communications from Pizarro verifying that she wished to receive notice by email and not by mail and was aware of the bar date. The Debtor possesses proof that two law firms

representing Pizarro were served with the Bar Date Notice on her behalf and she should been deemed aware of the September 12, 2024 bar date. In fact, one of the law firms - Brustein – subsequently filed a late claim on Pizarro's behalf in December 2024.

9. Because the Debtor did not receive any rejection of documents mailed to these law firms, the Debtor reasonably relied upon the ability to mail documents to Brustein and Marino to ensure its notice to the Debtor was adequate. Moreover, since Pizarro knew of the potential issue regarding her late filed claim, her decision to cause her counsel – who had notice of this case – to file a claim three months after the bar date should not be permitted by the Court.

10. Pizarro asserts that her claim is accurate. However, the veracity of her claim is not relevant to the determination of the instant Objection and the Pizarro Response. Moreover, Pizarro's late claim is unjustifiable in this case. She knew about the bankruptcy proceeding. She had full access to counsel to the Debtor by telephone and email. Debtor's counsel attempted to assist her in ensuring that her claim was properly and timely filed. Even if she missed the Bar Date deadline, she made no attempts – as reflected in the court's record – to ensure that she rectified her late filing of her claim until three months after the Bar Date. No motion to permit the filing of a late claim was filed until January of this year.

11. There can be no dispute that Pizarro's pre-petition counsel had notice of the Bar Date. However, the secondary argument asserted by Pizzaro is that the delay in filing the claim was justified as excusable neglect as that term in defined in, among other cases, In re SVB Fin. Group, 660 B.R. 60, 80 (Bankr. S.D.N.Y. 2024). But the arguments asserted in support of this argument do not warrant the relief she requests. Pizarro asserted that her failure to file a timely claim should be overlooked by the court as a result of excusable neglect. However, unless she can demonstrate that notice to the two lawyers that represented her that did not disavow receipt of her

4

documents relieved her from filing a timely claim, there is no defense of excusable neglect under the circumstances of this case.

12. Pizarro was under an obligation to file a proof of claim. If her attorneys were not responsive, she had ample time to seek redress before the court to rectify her failure to address her late filed claim immediately after the Bar Date of September 13, 2024. She took no steps to do so. The fact that her counsel Brustein realized that the Bar Date had passed months ago when he attended the mediation hearing in December 2024 demonstrates that he failed to act, in a timely manner when he received notice of the bar date. As the court noted in *In re AMR CORPORATION, et al.*, "[k]nown creditors . . . must be afforded notice reasonably calculated, under all the circumstances, to apprise them of the pendency of the bar date." 492 B.R. 660, 663 (Bankr. S.D.N.Y. 2013) (11-15463-SHL) (internal quotations omitted). The *AMR* opinion goes on to say "[t]he bar date is strictly enforced except when a known creditor is not listed on the schedules and fails to receive notice of the bar date." *Id.*

13. Pizarro was listed as a creditor and received notice of the Bar Date Notice that was mailed to Brustein and Marino. The only reason the bar date notice wasn't mailed directly to Pizarro was because she chose not to provide a mailing address. Under the facts of this case, the methods and attempts to serve her were reasonably calculated to make sure she was actually aware of the Bar Date Notice, *and those attempts, by her own admission, were successful*. She simply failed to comply despite the sufficient and appropriate notice she received. In other words, the Pizarro Claim was late only because of Pizarro's own neglect.

A. **Pizzaro's Neglect Was Not Excusable**

14. As this Court noted in *AMR*, "The Second Circuit has adopted a strict standard for excusable neglect" including taking a hard line "in applying the *Pioneer* test." *Id.* at 666

(further stating that the "equities will rarely if ever favor a party who fail[s] to follow the clear dictates of a court rule, and ... where the rule is entirely clear, we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose under the Pioneer test.") This is because "[t]he hard line approach focuses primarily on the reason for the claimant's delay, including whether it was within reasonable control of the claimant, because the other three *Pioneer* factors usually weigh in favor of the party seeking the extension." (quoting *In re Enron Corp.*, 419 F.3d at 122–123).)

15. The four *Pioneer* factors are "(1) the danger of prejudice to the debtor; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith." (Pizarro Objection ¶ 18 (quoting *In re SVB Fin. Group*, 660 B.R. 60, 80 (Bankr. S.D.N.Y. 2024).)

16. The Debtor does not agree with Pizarro's analysis of *Pioneer* as it applies to the circumstances of this case. First, allowing the Pizarro Claim would be prejudicial to the Debtor. As of now, the claim is late. Unless this Court *extends the deadline*, the claim will be barred as untimely. A disallowance of this claim would have a substantial impact on the amount of the recovery provided to unsecured creditors.

17. The length of the delay in filing the late claim was substantial in this case. Pizarro did not file a claim until virtually three months after the Bar Date despite her communications with Debtor's counsel. In addition, it was <u>completely within Pizarro's control to seek permission to file a late claim</u>. Pizarro received notice of the Bar Date. She prepared her claim, and she prepared it *on time*. Incorrectly filing the claim after being given numerous instructions does not justify filing a claim three months after the Bar Date. Filing the claim *on* time was clearly within her power. She

6

had her claim and she had the instructions.

19. Pizarro has not acted in good faith. She asserts that she "never consented to receiving notices by email in this bankruptcy case" and that she was notified "two days before the deadline." Yet her own emails, and her own words, completely contradict those statements. See Declaration of Norma E. Ortiz.

19. Finally, should the Court allow Pizarro's claim, it could be opening the floodgates to similarly late-filed claims in other cases. Namely, claims from *pro se* claimants who had notice and clear instructions but failed to file timely claims could cite this case in support of a late filed claim.

WHEREFORE, the Debtor respectfully requests the entry of an order substantially in the form of the prefixed order granting the relief requested herein and such other and further relief as is just.

Dated: New York, New York
January 18, 2025

/s/Norma E. Ortiz
Ortiz & Ortiz, LLP
287 Park Avenue South, Ste. 337
New York, New York 10010
Tel. No. 718.522.1117
Norma E. Ortiz
Counsel to the Debtor and
Debtor-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
                                                :
In re                                           :
                                                :
SANTIAGO QUEZADA Sr.,                           :
                                                :       Case No. 24-22431-shl
                                                :       Sub-Chapter V Chapter 11
                        Debtor.                 :
-------------------------------------------------------x

## **DECLARATION OF NORMA E. ORTIZ**

I, Norma E. Ortiz, pursuant to 28 U.S.C. §1746, declare under the penalty of perjury as follows:

1. I am an attorney at law admitted to practice before this Court and a member of the firm Ortiz & Ortiz, L.L.P ("O & O").

2. I am the member responsible for Santiago Quezada. Sr.'s (the "Debtor") proceeding. I assist the Debtor with claims management and the prosecution of his reorganization. Unless otherwise stated, the following facts are based upon – among other things – my personal knowledge, my discussions with the Debtor and his pre-bankruptcy professionals, my firm's communications, and my review of the debtor's his books and records.

3. I was asked not to divulge Maria Pizarro's ("Pizarro") personal information by her attorney, Mark Marino, and I abided by this request. **Exhibit 1**.

4. I asked Pizarro for a mailing address and she refused to accept service by mail and, on no less than two occasions, she refused to provide me with her mailing address. **Exhibit 2**.

5. My firm provided service by mail of the Bar date Notice to Brustein Law P.C. and Mark Marino, P.C., as required by the court's bar date order. **Exhibit 3.**

6. When I realized that I did not see a proof of claim filed by Pizarro, on September 11, 2024, I asked my paralegal to email Ms. Pizarro to remind her that the deadline to file a claim was about to expire on September 13, 2024. On September 12, 2024, Ms. Pizarro acknowledged that she had received the Bar Date Notice that was sent to her attorneys and emailed me a copy of the proof of claim she prepared or had someone else prepared on her behalf. **Exhibit 4**.

7. I emailed Pizarro that same day and to let her know that she had to file it with the clerk of the court, not Judge Lane's chambers. **Exhibit 5.**

8. On September 13, 2024, the last date to file proofs of claim, I again emailed Ms. Pizarro and told her to call the clerk of the court to make sure her claim was filed correctly and on time.

9. On November 29, 2024, I emailed Ms. Pizarro to ask her for any proof that she had filed her claim on time. She did not respond to my email.

10. Despite my efforts to keep Pizarro informed (and her information private) regarding her obligation to timely file a claim, Pizarro neglected to file her proof of claim on time.

11. Pizarro's claim was untimely filed on December 9, 2024, by Brustein: close two three months after the Bar Date of September 13, 2024.

I declare under the penalty of perjury that the foregoing is accurate and correct.

Dated: January 20, 2025
New York, New York

/s/Norma E. Ortiz
Norma E. Ortiz

**Exhibit 1**

 Outlook

## Re: Santiago Quezada Sr.

| | |
|---|---|
| **From** | Mark Marino <mmarino@marino-law.com> |
| **Date** | Tue 6/25/2024 4:57 PM |
| **To** | Norma Ortiz <norma@ortizandortiz.com> |
| **Cc** | Evan Brustein <evan@brusteinlaw.com> |

You're very welcome. Please keep her email address confidential, as the case against Mr. Quezada was for sexual assault. The jury found him liable.

Mark

**Mark A. Marino, Esq.**
**Mark A. Marino, PC**
**99 Wall Street, Suite 1865**
**New York, NY 10005**
**Tel: (212) 748-9552**
**Fax: (646) 219-5350**

On Tuesday, June 25, 2024 at 04:50:45 PM EDT, Norma Ortiz <norma@ortizandortiz.com> wrote:

Thank you.



**Norma E. Ortiz**

Ortiz & Ortiz, L.L.P. | 287 Park Ave. South, Ste. 337

New York, NY 10010 | Call or Text Norma at (718) 522-1117 | Fax (718) 596-1302

 norma@ortizandortiz.com

---

**From:** Mark Marino <mmarino@marino-law.com>
**Sent:** Tuesday, June 25, 2024 4:43 PM
**To:** Evan Brustein <evan@brusteinlaw.com>; Ortiz & Ortiz, LLP <email@ortizandortiz.com>; Norma Ortiz <norma@ortizandortiz.com>
**Subject:** Re: Santiago Quezada Sr.

Ms. Ortiz,

Exhibit 2

Saturday, December 21, 2024 at 11:37:59 Eastern Standard Time

**Subject:** RE: Santiago Quezada - Please add to notice list.
**Date:** Tuesday, August 13, 2024 at 4:38:29 PM Eastern Daylight Time
**From:** Ortiz & Ortiz, LLP
**To:** Maria Pizarro
**CC:** Nicolas at Ortiz & Ortiz
**Attachments:** image001.png

Thank you.



**Norma E. Ortiz**
Ortiz & Ortiz, L.L.P. | 287 Park Ave. South, Ste. 337
New York, NY 10010 | Call or Text Norma at (718) 522-1117 | Fax (718) 596-1302
email@ortizandortiz.com

**From:** Maria Pizarro <pizarromaria477@gmail.com>
**Sent:** Tuesday, August 13, 2024 4:26 PM
**To:** Ortiz & Ortiz, LLP <email@ortizandortiz.com>
**Subject:** Re: Santiago Quezada - Please add to notice list.

You can send it by email
pizarromaria477@gmail.com

Thanks

On Tue, Aug 13, 2024, 4:23 PM Ortiz & Ortiz, LLP <email@ortizandortiz.com> wrote:

> Maria:
>
> We moved the hearing to Sept. 10 at 10. What address can I use for you when I have to mail papers?
>
> Thank you.
>
> Norma
>
> 
>
> **Norma E. Ortiz**
> Ortiz & Ortiz, L.L.P. | 287 Park Ave. South, Ste. 337
> New York, NY 10010 | Call or Text Norma at (718) 522-1117 | Fax (718) 596-1302
> email@ortizandortiz.com
>
> **From:** Maria Pizarro <pizarromaria477@gmail.com>
> **Sent:** Monday, August 12, 2024 7:44 PM
> **To:** Ortiz & Ortiz, LLP <email@ortizandortiz.com>
> **Subject:** Re: Santiago Quezada - Please add to notice list.
>
> Good evening This is Maria Pizarro. Tomorrow. I can not attend the meeting. So please let me know the next meeting date and time. Please at my email
> pizarromaria477@gmail.com
>
> Thanks
>
> On Tue, Jun 25, 2024, 4:54 PM Ortiz & Ortiz, LLP <email@ortizandortiz.com> wrote:
>
>> Dear Ms. Pizarro:

Exhibit 3

**Subject:** Re: Santiago Quezada - Please add to notice list.
**Date:** Tuesday, September 10, 2024 at 8:47:59 AM Eastern Daylight Time
**From:** Maria Pizarro
**To:** Ortiz & Ortiz, LLP
**Attachments:** Outlook-cid_image0.png, Outlook-cid_image0.png

pizarromaria477@gmail.com

On Tue, Sep 10, 2024, 1:32 AM Ortiz & Ortiz, LLP <email@ortizandortiz.com> wrote:

> Maria: I am sorry to email you late. I have a status conference in the morning. What is your correct mailing address so I can email you and also send you mail?
>
> **Norma E. Ortiz**
>
> Ortiz & Ortiz, L.L.P. | 287 Park Ave. South, Ste. 337
>
> New York, NY 10010 | Call or Text Norma at (718) 522-1117 | Fax (718) 596-1302
>
> email@ortizandortiz.com
>
> ---
>
> **From:** Maria Pizarro <pizarromaria477@gmail.com>
> **Sent:** Tuesday, August 13, 2024 4:26 PM
> **To:** Ortiz & Ortiz, LLP <email@ortizandortiz.com>
> **Subject:** Re: Santiago Quezada - Please add to notice list.
>
> You can send it by email
> pizarromaria477@gmail.com
>
> Thanks
>
> On Tue, Aug 13, 2024, 4:23 PM Ortiz & Ortiz, LLP <email@ortizandortiz.com> wrote:
>
>> Maria:
>>
>> We moved the hearing to Sept. 10 at 10. What address can I use for you when I have to mail papers?
>>
>> Thank you.
>>
>> Norma
>>
>> **Norma E. Ortiz**

**Exhibit 4**

**Subject:** Quezada Bankruptcy
**Date:** Thursday, September 12, 2024 at 11:17:37 AM Eastern Daylight Time
**From:** Maria Pizarro
**To:** Ortiz & Ortiz, LLP

Good morning Ms Ortiz I had send you the document that you asked for. I had send also that document to the court. As soon as you send it to Mr Brustein

Please let me know. If you received and what else you need please let me know
Thanks so much
Maria Pizarro

**Exhibit 5**

 Outlook

## Re: Email to Judge Lane

**From** Ortiz & Ortiz, LLP <email@ortizandortiz.com>
**Date** Thu 9/12/2024 2:24 PM
**To** Maria Pizarro <pizarromaria477@gmail.com>

You have to file it with the Clerk of the Court, not Judge Lane.



**Norma E. Ortiz**
Ortiz & Ortiz, L.L.P. | 287 Park Ave. South, Ste. 337
New York, NY 10010 | Call or Text Norma at (718) 522-1117 | Fax (718) 596-1302
email@ortizandortiz.com

**From:** Maria Pizarro <pizarromaria477@gmail.com>
**Sent:** Thursday, September 12, 2024 11:04 AM
**To:** Ortiz & Ortiz, LLP <email@ortizandortiz.com>
**Subject:** Fwd: Email to Judge Lane

---------- Forwarded message ---------
From: **Maria Pizarro** <pizarromaria477@gmail.com>
Date: Wed, Sep 11, 2024, 6:31 PM
Subject: Fwd: Email to Judge Lane
To: Ortiz & Ortiz, LLP <email@ortizandortiz.com>

---------- Forwarded message ---------
From: **Maria Pizarro** <pizarromaria477@gmail.com>
Date: Thu, Jun 20, 2024, 1:32 PM
Subject: Fwd: Email to Judge Lane
To: <prosperidadlatina@outlook.com>

---------- Forwarded message ---------
From: **Mark Marino** <mmarino@marino-law.com>
Date: Wed, Jun 19, 2024, 11:22 AM
Subject: Email to Judge Lane
To: Maria Pizarro <pizarromaria477@gmail.com>