Jeffrey Chubak
Amini LLC
131 West 35th Street
12th Floor
New York, NY 10001
(212) 490-4700
jchubak@aminillc.com

Evan Brustein
Brustein Law PLLC
299 Broadway
17th Floor
New York, NY 10007
(212) 233-3900
evan@brusteinlaw.com
Attorneys for Judgment Creditor Maria Jose Pizarro

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| In re | Case 24-22431-SHL |
|---|---|
| SANTIAGO QUEZADA, SR. | Chapter 11, Subchapter V |
| Debtor | Re: ECF #35 |

**JUDGMENT CREDITOR MARIA JOSE PIZARRO'S REPLY IN
SUPPORT OF CROSS-MOTION FOR LEAVE TO FILE CLAIM #6 AFTER
CLAIMS BAR DATE AND TO ALLOW SAID CLAIM**

Creditor Maria Jose Pizarro submits this reply in further support of her cross-motion for leave to file Claim #6 after the claims bar date and to allow the claim in full (ECF #35), and in response to the Debtor's late-filed opposition (ECF #42, "Opp."), filed the evening before the hearing at 5:58 p.m.

**REPLY**

**I. THE DEBTOR'S EXCUSES FOR NOT PROVIDING FRBP 2002(a)(7) NOTICE BY MAIL TO MARIA ARE UNAVAILING**

1. The Debtor claims the bar date mailing was sent to Maria's attorneys in the underlying action because "Pizarro did not want her home address filed in the case and disclosed to the Debtor" (Opp. ¶3), citing nothing. That is patently absurd, because as mentioned in her

response to the claim objection (ECF #34 ¶¶7, 15), the Debtor filed bank statements in support of his summary judgment motion in the underlying action (District Ct. ECF #229-4 PDF p.4) which list her address, the same one included in the proof of claim form she had emailed to Debtor's counsel (ECF #36-3) prior to the bar date. The Debtor acknowledged these bank statements were produced in discovery in the underlying action (District Ct. ECF #229 ¶23) which preceded the 2023 (District Ct. ECF #196) jury trial. Thus, (1) Maria's address was clearly ascertainable to the Debtor, such that actual FRBP 2002(a)(7) notice by mail was required, and (2) the Debtor's statement that "upon information and belief, the Debtor has never disclosed Pizarro's home address in any publicly-filed document in this case" (Opp. ¶3) is grossly misleading, as the Debtor publicly disclosed her address in the underlying action.

2. The Debtor also claims "[t]he Debtor possesses email communications from Pizarro verifying that she wished to receive notice by email and not by mail and was aware of the bar date" (Opp. ¶8), misleadingly suggesting that Maria gave FRCP 5(b)(2)(F) written consent to receive the bar date notice by email.[1] For this proposition, the Debtor cites the Ortiz declaration generally, not any particular exhibit. The only ones of conceivable relevance are Exhibit 2 and Exhibit 3. Exhibit 2 concerned adjournment of the Subchapter V status conference (ECF #18) from August 13, 2024 to September 10, 2024 hearing, and did not mention the bar date. Presumably, Debtor's counsel did not understand those as relating to the bar date either, as the bar date notice was not emailed to Maria until September 11, 2024 (ECF #36-2), despite the bar date order having been entered (ECF #16) on August 8, 2024. Exhibit 3 is an email reflecting that on September 10, 2024—three days before the bar date—Debtor's counsel requested Maria's mailing

---

[1] Consistent with FRCP 5(b)(2)(F), the 2019 advisory committee notes to FRBP 9036 provides that "[w]ith the consent of the person served, electronic service also may be made by means that do not use the court's system. Consent can be limited to service at a prescribed address or in a specified form, and it may be limited by other conditions."

2

and email address, and that Maria responded by giving her email. Neither exhibit reflects FRCP 5(b)(2)(F) written consent to receive the bar date notice by email—indeed, the bar date notice is not mentioned in either. Notably, a September 10, 2024 mailing would not have been received until after the bar date in any event. See also FRBP 9006(f).

## II. MARIA'S CLAIM SHOULD BE CONSIDERED TIMELY-FILED AND ALLOWED IN FULL

3. The gravamen of the Debtor's argument is that mailing the bar date notice to her attorneys in the underlying action should be treated as valid service upon her. However, the sole decision cited in support (*In re AMR Corp.*, 492 B.R. 660, 663 (Bankr. S.D.N.Y. 2013)) does not provide as much, but rather held that "[i]n Chapter 11 … a known creditor must receive proper, adequate notice before its claim is barred forever." In the context of a bar date notice, proper and adequate means in the manner permitted by FRBP 2002(a)(7), unless an order limiting notice provides otherwise. No such order has been entered. The Debtor does not address *Fogel v. Zell*, 221 F.3d 955, 962-63 (7th Cir. 2000) (Posner, J.) (cited approvingly in *In re Texaco Inc.*, 254 B.R. 536 (Bankr. S.D.N.Y. 2000)), which held even where creditors "cannot complain about a denial of due process … they are entitled to the equivalent protections under the notice provisions of the Bankruptcy Code"; and "[i]f his name and address are reasonably ascertainable, he is entitled to have that information sent directly to him." Nor does the Debtor address *In re Exide Technologies*, 600 B.R. 753, 763 (Bankr. D. Del. 2019) which held that due process requires compliance with FRBP 2002(a)(7). The Debtor does not claim to have effectuated FRBP 2002(a)(7), did not obtain an order limiting notice and does not cite any authority for the novel proposition that service by mail, on a known creditor whose address is also known to the Debtor, can be made on counsel of record for the creditor in another action in another court. For this reason alone, Claim #6 should be considered timely-filed without the need for leave to file the same.

4. Even if *Pioneer* were applicable, the relevant factors would militate in favor of relief under FRBP 9006(b)(1)(B).

5. The Debtor's argument (Opp. ¶16) that such relief would be prejudicial because it would increase the claims pool is meritless. Prejudice turns on whether a plan has been filed and the disruptive effect permitting a late claim would have on plan formation. *In re Keene Corp.*, 188 B.R. 903, 910 (Bankr. S.D.N.Y. 1995). Here, a placeholder plan was filed to comply with 11 U.S.C. § 1189 and no request has been made to solicit. The filed plan acknowledges the claim. (ECF #28 at 2, "Ms. Pizarro alleges to have filed a claim in the amount of $2,972,108.13 but no such claim is reflected in the Bankruptcy Court's Claims Register at the time of this writing.") The plan also provides for recoveries ranging from 20% to 100% (ECF #28 § 3.2(b)) presumably depending on whether her claim and perhaps other disputed claims are allowed.[2]

6. The Debtor's argument that the length of delay militates against such relief likewise fails. No authority is cited for the proposition that the less-than-three-month delay is "substantial" where, as here, a copy of the claim was emailed to the Debtor before the bar date. The Debtor's attitude (Opp. ¶17) that "[s]he had her claim and she had the instructions", is distasteful coming from a person with multiple homes, multiple businesses, multiple late-model Mercedes vehicles, seeking to disallow the judgment-based claim of a sex abuse victim who since 2022 has been a hotel cafeteria worker. Bankruptcy is not intended to be used as a tool to punish working class creditors who clicked the wrong button.

7. The Debtor has no response to Maria's explanation (ECF #34 ¶23) concerning the reason for the delay, and her justifiable confusion in light of her having received notice by email two days before the bar date. Instead, the Debtor claims she is lying when she stated she did not

---

[2] The Debtor has yet to explain how Maria's judgment was conceivably ever subject to revision under FRCP 54(b) as a result of his counterclaims, such that he had a good faith basis for scheduling her claim as disputed. (See ECF #34 n.1.)

consent to receiving email notice and that she was notified of the bar date two days prior to the same. (Opp. ¶17, again citing "See Declaration of Norma E. Ortiz" and not any particular exhibit.) But as noted above, none of the exhibits reflect written consent to receive notice of the bar date by email, and no evidence was submitted to refute Maria's (ECF #36-2) that the deficient email notice she was given was provided two days before the bar date.

8. If Maria's claim is considered timely filed, whether because she was not given FRBP 2002(a)(7) notice by mail or under FRBP 9006(b)(1)(B), the claim should be allowed in full, as the Debtor does not dispute the veracity of the same. (Opp. ¶10.)

WHEREFORE, Maria's cross-motion should be granted and she should also be granted such other and further relief as this Court deems just and proper.

Dated: New York, NY
       January 21, 2025

Amini LLC

/s/ Jeffrey Chubak
Jeffrey Chubak
131 West 35th Street
12th Floor
New York, NY 10001
(212) 490-4700
jchubak@aminillc.com

Evan Brustein
Brustein Law PLLC
299 Broadway
17th Floor
New York, NY 10007
(212) 233-3900
evan@brusteinlaw.com
Attorneys for Judgment Creditor Maria Jose Pizarro