Ortiz & Ortiz, LLP
287 Park Avenue South, Ste. 337
New York, New York 10010
Tel. No. 718-522-1117
Fax 718-596-1302
emai@ortizandortiz.com
Norma E. Ortiz
*Proposed Counsel to the Debtor and*
*Debtor in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
In re                                                       :
                                                            :
**SANTIAGO QUEZADA, SR. ,**           :     Case No. 24-22431-shl
                                                            :
                                                            :     Sub-Chapter V Chapter 11
                                                            :
     Debtor and Debtor in Possession  :
------------------------------------------------------------x

**DEBTOR'S OBJECTION TO MARIA JOSE PIZARRO'S MOTION TO EXPAND
THE SUBCHAPTER V TRUSTEE ERIC M. HUEBSCHER'S DUTIES
<u>PURSUANT TO 11 U.S.C. § 1183(b)(2)</u>**

     Santiago Quezada, Sr. (the "Debtor"), hereby responds (the "Response") to Maria Jose Pizarro's ("Pizarro") motion to expand the Subchapter V trustee's, Eric M. Huebscher's, duties (the "Motion") [ECF Doc. No. 45]. In support of his Response, the Debtor asserts as follows:

<u>**RELEVANT FACTS**</u>

     1.     The Debtor filed a Sub Chapter V chapter 11 petition on May 14, 2024 (the "Petition Date"). The Debtor remains in possession with the authority to operate its business.

     2.     Eric M. Huebscher (the "Trustee") was appointed as the Sub Chapter V trustee on May 17, 2024.

     3.     On December 23, 2024, the Debtor filed an objection to Pizarro's late filed claim (ECF Doc. No. 31). On January 7, 2025, Pizarro filed her response and cross-moved for

allowance to file her claim late (ECF Doc. Nos. 34–35). The Court has not yet issued a decision on the objection and cross-motion.

4. On January 7, 2025, Pizarro filed an application for F.R.B.P. 2004 examinations (ECF Doc. No. 37). The Debtor did not oppose the request but filed a response refuting some of Pizarro's allegations of fact. (ECF Doc. No. 40). The application is still pending before the Court and the examination has not been scheduled.

5. On February 6, 2025, Pizarro filed the instant Motion to expand the Trustee's powers.

6. As of this writing, the Debtor has filed all of the Monthly Operating Reports that are due. *See* ECF Doc. Nos. 17, 21, 22, 23, 24, 32, 46, and 47.

7. The Debtor has undergone a number of in-depth interviews by the Trustee and the Office of the U.S. Trustee (the "UST"). Those interviews included a lengthy initial debtor interview, a subsequent and lengthy telephone interview, the Section 341 meeting, and the Trustee's site visit of the Debtor's business premises. Although there are a small number of documents the Trustee and the UST have requested that the Debtor has not turned over, the vast majority of the information requested by the UST and Trustee have been provided by the Debtor. The Debtor intends to fully turnover all information requested by the Trustee and the UST.

8. The Debtor disputes Pizarro's allegation that he owns multiple properties in the Dominican Republic that have not been disclosed in his schedules. The Debtor has retained counsel in the Dominican Republic to assist him in obtaining documents to demonstrate he is not the owner of the properties listed by Pizarro. has disclosed his interest in three parcels of property located in the Dominican Republic in his schedules.

## **LEGAL STANDARD**

9. Section 1183(b)(2) of the Bankruptcy Code provides that a Subchapter V Trustee's power may be expanded "for cause." 11 U.S.C. § 1183(b)(2). "Cause" is not defined and there are few cases that discuss this subsection of the Bankruptcy Code. *Collier* advises that the standard for cause should not be higher than the standard used to remove a debtor-in-possession under Section 1185(a). 8 Collier on Bankruptcy ¶ 1183.03[3] (16th ed. 2022). In one case that addressed this issue, the court found cause and expanded the Subchapter V Trustee's power because there were potential intercompany claims. *See In Re AJEM Hos., LLC*, No. 20-80003, 2020 WL 3125276 (Bankr. M.D.N.C. Mar 23, 2020). In another case, the court found cause where (i) there was a "substantial issue" about intercompany claims, (ii) there was a possible insider claim by the Debtor's principal, and (iii) for a "continued lack of disclosure to the Subchapter V Trustee." *See In Re Corinthian Commc'ns, Inc.*, 642 B.R. 224 (Bankr. S.D.N.Y. 2022) (stating that all of these facts together gave *ample* cause). In *Corinthian*, the court posits that cause is likely to exist if there are "significant questions such as the debtor's true financial condition, what property is property of the estate, the debtor's management of the estate as debtor in possession, and the accuracy and completeness of the debtor's disclosures and reports." *Id.* at 233.

10. On the other hand, courts have *not found cause* to expand a Subchapter V Trustee's power when the creditor can conduct their own investigation. *See In Re Velsicol Chemical LLC*, 2024 WL 4879960 (Bankr. N.D. Ill. Nov. 22, 2024) (wondering "why, after obtaining authority to conduct Rule 2004 examinations and requesting documents pursuant to that authority, it seeks to drop out of the process and hand over responsibility to the subchapter V trustee."). In *Velsicol*, the court notes that "[t]here have been no motions to compel

compliance with outstanding requests for production of documents. Moreover, at the hearing on this motion, the Trustee raised no issues with the Debtors' conduct during these bankruptcy cases." *Id.* at *4 (internal citations omitted). Importantly, the *Velsicol* court noted that the Subchapter V Trustee in that case had not retained counsel, and that "[e]xpanding his duties would place an additional burden on the process here and undermine the very purpose of subchapter V, which is to provide a more cost-effective and streamlined option for small businesses to reorganize. . . . [to grant the motion] would be transform the cost of the [creditor's] investigation into an administrative expense" *Id.* at *4 (internal citations omitted); See also *In re Louis*, 2022 WL 2055290 (C.D. Ill. June 7, 2022) (highlighting that "the purpose of Subchapter V is to streamline the Chapter 11 process and make relief more accessible and cost-effective for small business debtors. Racking up professional fees to be paid from the estate at the expense of other claimants and to the Debtor's detriment is at odds with that purpose") (internal citation omitted).

## RESPONSE

11. Pizarro's Motion is wholly unsupported by any evidence to support her claims. Without evidence, no threshold for "cause" can be met by her. Moreover, cause does not exist here to expand the Trustee's powers. There are no intercompany claims or insider claims that require an independent investigator, and there has been no continued lack of disclosure.

12. *First*, none of the issues raised by Ms. Pizarro in her motion (the amount of real properties owned by the Debtor, the incomplete schedules, the lack of Monthly Operating Reports for the business the Debtor owns, and the Monthly Operating Reports that were missing) raise a conflict of interest for which an independent investigator needs to be appointed. On the contrary, the Debtor is best positioned to (i) ascertain his ownership in real property, (ii)

amend his schedules, and (iii) prepare and file applicable Monthly Operating Reports. The Debtor, as a native of the Dominican Republic who frequently travels there and speaks the language fluently, is in a much better position to provide the Trustee, the UST, and the court with any necessary documents to dispel Pizarro's assertions.

13. *Second*, there has been no of lack of disclosure. Ms. Pizarro's own motion points to <u>disclosures the Debtor has made</u>. (Motion at ¶ 5–6.) The fact that investigations may be necessary is not for a lack of disclosure by the Debtor, but rather because obtaining the necessary information and resolving legal issues in the Dominican Republic has taken time. At all times, the Debtor has been forthcoming with the information he has obtained and possesses.

14. *Third*, the Debtor has complied with (or is in the process of complying to) all of the Trustee's requests. As an example, the Trustee asked that the bank statements for the business the Debtor owns be included in the Monthly Operating Reports, and those bank statements have been included in all the Monthly Operating Reports since.

15. *Finally*, Ms. Pizarro already filed an application to conduct her own investigation (ECF Doc. No 45). If her "preference is that a disinterested person investigate the matter," she can hire her own investigator. (Motion at ¶ 5.) This Court should not allow her to shift the cost of her investigation onto the estate.

WHEREFORE, the Debtor respectfully requests that the Motion be **DENIED** and for such

other and further relief as the court deems just and proper.

Dated:

    New York, New York
    February 19, 2025

    */s/Norma Ortiz*
    Norma E. Ortiz
    Ortiz & Ortiz, L.L.P.
    287 Park Ave. South, Ste. 337
    New York, New York 10010
    Tel. (718) 522-1117
    *Proposed Counsel to the Debtor*
    *and Debtor in Possession*