**ERIC HUEBSCHER,** as Subchapter V Trustee
  of the Estate of Santiago Quezada, Sr.
c/o Klestadt Winters Jureller
   Southard & Stevens, LLP
Kathleen M. Aiello
200 West 41st Street, 17th Floor
New York, NY 10036-7203
(212) 972-3000
kaiello@klestadt.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | |
| | : | Chapter 11 (Subchapter V) |
| SANTIAGO QUEZADA, SR., | : | |
| | : | Case No. 24-22431 (SHL) |
|     Debtor and Debtor-in-Possession. | : | |

---------------------------------------------------------x

## SUBCHAPTER V TRUSTEE'S APPLICATION TO RETAIN KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP AS HIS GENERAL COUNSEL, EFFECTIVE AS OF FEBRUARY 21, 2025

**TO THE HONORABLE SEAN H. LANE,**
**UNITED STATES BANKRUPTCY JUDGE:**

      Eric Huebscher, the Subchapter V trustee (the "<u>Trustee</u>") of the estate of Santiago Quezada, Sr. (the "<u>Debtor</u>"), the above-captioned debtor, as and for his application (the "<u>Application</u>")[1] for entry of an order, in substantially the same form as that annexed hereto as **Exhibit A** (the "<u>Proposed Order</u>"), pursuant to 11 U.S.C. § 327(a) and Rule 2014 of the Federal Rules of Bankruptcy Procedure, authorizing him to retain Klestadt Winters Jureller Southard & Stevens, LLP ("<u>KWJSS</u>") as his general counsel in the Debtor's case, effective as of February 21, 2025. In support of the Application, the Trustee submits the declaration of Kathleen M. Aiello (the "<u>Aiello Declaration</u>"), attached hereto as **Exhibit B**, and respectfully represents as follows:

---

[1] Capitalized terms used but not immediately defined herein shall have the meanings assigned to them elsewhere in the Application.

1

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.      Venue of this proceeding and this application is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicate for the relief requested herein is section 327(a) of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules").

## BACKGROUND

4.      On May 14, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under subchapter V of Chapter 11 of the Bankruptcy Code (the "Subchapter V Case") in the United States Bankruptcy Court for the Southern District of New York (the or this "Court").

5.      On May 17, 2024, Eric Huebscher was appointed the Subchapter V Trustee of the Debtor's Subchapter V Case [Docket No. 4]. The first § 341(a) meeting of creditors (the "341 Meeting") in the Debtor's Subchapter V Case was held on June 17, 2024 and was subsequently adjourned several times and completed on August 9, 2024.

6.      The Debtor is a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

7.      No committee or trustee, with the exception of a Subchapter V trustee, has been appointed in this Subchapter V Case.

8.      On November 7, 2024, the Court entered an order extending the Debtor's deadline to file a Subchapter V Plan [Docket No. 27].

9.      On November 11, 2024, the Debtor filed his Subchapter V Plan [Docket No. 28].

10.     On February 6, 2025, Maria Pizarro, one of the Debtor's creditors, filed a motion seeking to expand the powers of the Subchapter V Trustee [Docket No. 45] (the "Motion to Expand Trustee's Powers").

11.     On February 20, 2025, the Debtor filed a response to the Motion to Expand Trustee's Powers [Docket No. 48], and on February 21, 2025, Maria Pizarro filed a reply to the Debtor's response [Docket No. 49].

**BASIS FOR RELIEF**

12.     The Subchapter V Trustee seeks to retain KWJSS as his general counsel in the Debtor's case pursuant to Section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014 effective as of February 21, 2025, the day on which KWJSS began work on this matter at the request of the Subchapter V Trustee.

13.     Section 327(a) of the Bankruptcy Code provides:

Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

14.     Rule 2014(a) of the Bankruptcy Rules provides, in relevant part:

*Application for an Order of Employment.* An order approving the employment of attorneys, accountants, appraisers, auctioneers, agents, or other professionals pursuant to § 327, § 1103, or § 1114 of the Code shall be made only on application of the trustee or committee. The application shall be filed and, unless the case is a chapter 9 municipality case, a copy of the application shall be transmitted by the applicant to the United States trustee. The application shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, any other party in interest, their

respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

## RETENTION OF KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP

15. The Subchapter V Trustee respectfully submits that he requires general counsel pursuant to section 327(a) of the Bankruptcy Code to, *inter alia*:

- investigate the Debtor's assets and financial affairs and determine whether there are assets and/or claims that can be administered for the benefit of the estate and its creditors;

- represent the Subchapter V Trustee at all hearings and other proceedings before this Court or any other court;

- review, analyze and respond, as necessary, to all applications, motions, orders, statements, and schedules filed with the Court in this Subchapter V Case;

- perform such legal services as requested by the Subchapter V Trustee and as may be required and/or deemed to be in the interest of the Debtor's estate in accordance with the Subchapter V Trustee's powers and duties as set forth in the Bankruptcy Code, as may be expanded by order of this Court;

- if applicable, assist with the Subchapter V Trustee's liquidation of any assets of the estate, including tangible and intangible assets, including, but not limited to, litigation claims; and

- assist the Subchapter V Trustee, as applicable, to prepare, provide guidance or otherwise oversee negotiations between and among the Debtor and his creditors to present and confirm a Subchapter V Plan of Reorganization.

16. The Subchapter V Trustee has selected KWJSS because it has extensive experience and knowledge in the fields of debtors' and creditors' rights, general corporate law, debt restructuring, investigations, corporate reorganizations, and litigation, among others. Further, KWJSS has significant experience in representing trustees and other interested parties in bankruptcy cases. Accordingly, the Subchapter V Trustee believes that KWJSS is well qualified to represent him as his general counsel in this case.

17.     KWJSS has indicated its willingness to serve as counsel to the Subchapter V Trustee herein and to receive compensation on an hourly basis, subject to the approval of this Court and in compliance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, the United States Trustee's Guidelines for Fees and Disbursements issued by the Office of the United States Trustee, and such other procedures as may be fixed by order of this Court, for professional services rendered and expenses incurred by KWJSS.  The current hourly rates charged for attorneys and paralegals are set forth in the Aiello Declaration.

18.     To the best of the Subchapter V Trustee's knowledge, KWJSS does not have any connection with the Debtor, his creditors, the United States Trustee or any other party in interest, or their respective attorneys, except to the extent set forth in the Aiello Declaration.  Also, the Subchapter V Trustee has not identified any reason why KWJSS cannot represent him in the Debtor's Subchapter V Case as there appears to be no conflicts.

**<u>NO PRIOR RELIEF</u>**

19.     No previous application for the relief sought herein has been made to this or any other court.

**WHEREFORE**, the Subchapter V Trustee respectfully requests that this Court enter an order, in substantially the same form as the Proposed Order annexed hereto as **Exhibit A**, authorizing him to retain KWJSS as his general bankruptcy counsel in the Debtor's Subchapter V Case effective as of February 21, 2025, and granting such other and further relief as may be just and proper.

Dated:   New York, New York
          February 21, 2025

                     Eric Huebscher, Subchapter V Trustee of the Estate of Santiago Quezada, Sr.

                     By:   */s/ Eric Huebscher*
                          Eric Huebscher, as Subchapter V Trustee

Proposed Counsel:
KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP

By:   */s/ Kathleen M. Aiello*
      Kathleen M. Aiello
      200 West 41st Street, 17th Floor
      New York, New York 10036
      Tel: (212) 972-3000
      Fax: (212) 972-2245
      Email: kaiello@klestadt.com

      *Proposed General Counsel to the*
       *Subchapter V Trustee*

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
In re                                                                :
                                                                     :        Chapter 11 (Subchapter V)
SANTIAGO QUEZADA, SR.,                               :
                                                                     :        Case No. 24-22431 (SHL)
                   Debtor and Debtor in Possession.  :
-------------------------------------------------------------x

### ORDER AUTHORIZING THE RETENTION OF KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP AS GENERAL COUNSEL TO THE SUBCHAPTER V TRUSTEE EFFECTIVE AS OF FEBRUARY 21, 2025

Upon the application (EFC No. ⬛, the "Application")  of Eric Huebscher, Subchapter V trustee (the "Subchapter V Trustee") of the estate of Santiago Quezada, Sr., the above-captioned debtor (the "Debtor"), for entry an order, pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2014 and 2016(b) of the Federal Rules of Bankruptcy Procedure, authorizing the employment of Klestadt Winters Jureller Southard & Stevens LLP ("KWJSS") as general counsel to the Subchapter V Trustee; and upon the Declaration of Kathleen M. Aiello, which is annexed to the Application (the "Aiello Declaration"); and it appearing that KWJSS is a "disinterested person" within the meaning of sections 101(14) and 327 of the Bankruptcy Code and does not hold or represent any interest adverse to the Subchapter V Trustee, the Debtor's estate or his creditors; and this Court having determined that employment of KWJSS by the Subchapter V Trustee is in the best interests of the Debtor, his estate and his creditors; and adequate notice of the Application having been given; and after due deliberation and sufficient cause appearing therefor; it is hereby

ORDERED, that pursuant to section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014, the Subchapter V Trustee is authorized to employ KWJSS as his general counsel, effective as of February 21, 2025; and it is further

ORDERED, that to the extent the Aiello Declaration is inconsistent with this Order, the terms of this Order shall govern; and it is further

ORDERED, that KWJSS shall seek compensation for its services and reimbursement of its expenses upon application to the Court, and upon notice and a hearing, pursuant to 11 U.S.C. §§ 330 and 331, Bankruptcy Rule 2016, E.D.N.Y.L.B.R.2016 and the Guidelines of the Office of the United States Trustee; and it is further

ORDERED, that prior to any increases in KWJSS's rates, KWJSS shall file a supplemental affidavit with the Court and provide ten business days' notice to the Subchapter V Trustee, the Debtor, and the United States Trustee, which supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether the Subchapter V Trustee has consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and all rates and rate increases are subject to review by the Court; and it is further

ORDERED, that, notwithstanding any provision to the contrary in the Application or the Aiello Declaration, the Court may retain jurisdiction to hear and to determine all matters arising from or related to implementation of this Order.

**NO OBJECTION:**
**WILLIAM K HARRINGTON**
**UNITED STATES TRUSTEE, REGION 2**


By: _____
    Rachel Siegel, Esq.
    Trial Attorney
    Office of the United States Trustee
    Alexander Hamilton Custom House
    One Bowling Green, Room 510
    New York, New York 10004
    (202) 573-6935


Dated: New York, New York

_____ __, 2025

# **EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------x
In re                                             :
                                                  :                 Chapter 11 (Subchapter V)
SANTIAGO QUEZADA, SR.,                            :
                                                  :                 Case No. 24-22431 (SHL)
            Debtor and Debtor-in-Possession.  :
---------------------------------------------------------x

### DECLARATION OF DISINTERESTEDNESS IN SUPPORT OF APPLICATION TO RETAIN KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP AS GENERAL COUNSEL TO THE SUBCHAPTER V TRUSTEE <u>EFFECTIVE AS OF FEBRUARY 21, 2025</u>

KATHLEEN M. AIELLO, declares under penalty of perjury as follows:

1.      I am an attorney at law, duly admitted to practice in the State of New York, as well as before the United States District Court for the Southern District of New York.  I am a partner at the law firm known as Klestadt Winters Jureller Southard & Stevens, LLP ("<u>KWJSS</u>").  KWJSS maintains an office for the practice of law at 200 West 41st Street, 17th Floor, New York, New York 10036-7203.

2.      I am familiar with the matters set forth herein and make this declaration (the "<u>Declaration</u>") in support of the application of Eric Huebscher, Subchapter V trustee (the "<u>Subchapter V Trustee</u>") of the estate of Santiago Quezada, Sr. (the "<u>Debtor</u>"), the above-captioned debtor, to employ KWJSS as his general counsel in the Debtor's Subchapter V Case.

3.       Insofar as I have been able to ascertain, KWJSS does not hold and does not represent any interest adverse to the Trustee, the Debtor, his creditors, professionals or any other party in interest herein, or any of their respective attorneys or professionals, except as disclosed herein.

4.      To the best of my knowledge, after due inquiry, KWJSS is not a creditor, and is not an equity security holder or an "insider" of the Debtor, as that term is defined in section 101(31) of title 11 of the United States Code, 11 U.S.C. §§ 101 <u>et</u> <u>seq</u>. (the "<u>Bankruptcy Code</u>").  Accordingly, I believe KWJSS is "disinterested", as that term is defined in section 101(14) of the Bankruptcy Code.

5.     KWJSS maintains records of all of its clients and the matters on which it represents such clients, and the other parties which have a substantial role in such matters.  I have reviewed such records to determine KWJSS's connections with the Trustee, the Debtor, his creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee and any person employed in the office of the United States Trustee.  In addition, I have reviewed relationships that KWJSS has with potential parties in interest to determine if any such relationships give rise to an actual or potential conflict of interest or otherwise affect its disinterestedness.

6.     Subject to court approval in accordance with section 330(a) of the Bankruptcy Code, compensation will be payable to KWJSS's office on an hourly basis, plus reimbursement of actual, necessary expenses incurred.  Currently, partners of the firm bill from $750 to $995 per hour; associates bill $595 per hour; and the firm's paralegals bill at $275 per hour.

7.     The hourly rates set forth above are standard hourly rates for work of this nature.  These rates are set at a level designed to fairly compensate KWJSS for its work, the work of its associates and its paralegals, and any other professionals it may utilize and to cover fixed and routine overhead expenses.  KWJSS's policy is to charge its clients in all areas of practice for all other expenses incurred in connection with its clients' cases.  The expenses charged to clients include, among other things, telephone and telecopier toll charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, expenses for "working meals", and computerized research and transcription costs, in accordance with the Guidelines of this Court. KWJSS believes that it is appropriate to charge these expenses to the clients incurring them rather than to increase the hourly rates and thereby spreading the expenses among all clients.

8.     This Declaration is intended to comply with Federal Rule of Bankruptcy Procedure 2016(b).  KWJSS intends to apply to this Court for compensation for professional services rendered in

connection with this case. KWJSS has not received any promises as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code. KWJSS does not have an agreement with any other entity to share with such entity any compensation KWJSS receives.

9.      Insofar as I have been able to ascertain, KWJSS does not represent any interest adverse to the Subchapter V Trustee, the Debtor, his creditors, or any other party in interest herein, or their respective attorneys or professionals in the matters for which KWJSS is to be engaged. Except as may be stated above, I believe that KWJSS is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

I declare under penalty of perjury that the foregoing is true and correct on this the 21st day of February 2025.

*/s/ Kathleen M. Aiello*
Kathleen M. Aiello