Jeffrey Chubak
Amini LLC
131 West 35th Street
12th Floor
New York, NY 10001
(212) 490-4700
jchubak@aminillc.com

Evan Brustein
Brustein Law PLLC
299 Broadway
17th Floor
New York, NY 10007
(212) 233-3900
evan@brusteinlaw.com
Attorneys for Judgment Creditor Maria Jose Pizarro

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| In re | Case 24-22431-SHL |
|---|---|
| SANTIAGO QUEZADA, SR. | Chapter 11, Subchapter V |
| Debtor | Re: ECF #58 |

## RESPONSE TO MOTION TO WITHDRAW AS ATTORNEY

1. Maria is not opposed in principle to debtor's counsel's withdrawal but debtor's counsel has not carried her burden under Local Rule 2090-1(e) of showing why withdrawal should be permitted.

2. The stated ground for withdrawal is generalized invocation of Rule 1.16(c). No particulars are given on the ground that the reason for withdrawal is privileged.

3. That does not work. The party invoking privilege has the burden of demonstrating it applies. *U.S. v. Mejia*, 655 F.3d 126, 132 (2d Cir. 2011). To meet this burden, that party must show the communications were "(1) between a client and his or her attorney (2) that are intended to be, and in fact were, kept confidential (3) for the purpose of obtaining or providing legal advice." *Id*.

4. "Any ambiguities as to whether the essential elements have been met are construed against the party asserting the privilege." *Koumoulis v. Indep. Fin. Marketing Group, Inc.*, 295 F.R.D. 28, 38 (E.D.N.Y. 2013), aff'd¸29 F. Supp. 3d 142 (E.D.N.Y. 2014).

5. The mere fact of communication between an attorney and client does not render the same privileged. Rather, it "must contain confidential communication relating to legal advice." *Dep't of Econ. Dev. v. Arthur Anderson & Co. (U.S.A.)*, 139 F.R.D. 295, 300 (S.D.N.Y. 1991). *See also Renner v. Chase Manhattan Bank*, 2001 WL 1356192, at *1 (S.D.N.Y. Nov. 2, 2001) (rejecting claim of privilege based on reference to communication between client and one of his attorneys).

6. "Because the privilege 'stands in derogation of the public's right to every [person]'s evidence … it ought to be strictly confined within the narrowest possible limits consistent with the logic of its principle.'" *TVT Recs. v. Island Def jam Music Group*, 214 F.R.D. 143, 144 (S.D.N.Y. 2003) (quoting *In re Grand Jury Proc.*, 219 F.3d 175, 182 (2d Cir. 2000)).

7. Under this standard, debtor's counsel has not carried her burden. Moreover, the statement as to debtor's consent to withdrawal is hearsay.

8. Withdrawal should be conditioned on debtor's counsel articulating the specific ground(s) for withdrawal so that the Court can make an informed decision as to next steps in this case.

Dated: New York, NY  
       March 21, 2025

Amini LLC

/s/ Jeffrey Chubak  
Jeffrey Chubak  
131 West 35th Street  
12th Floor  
New York, NY 10001  
(212) 490-4700  
jchubak@aminillc.com

Brustein Law PLLC
299 Broadway
17th Floor
New York, NY 10007
(212) 233-3900
evan@brusteinlaw.com
Attorneys for Judgment Creditor Maria Jose Pizarro